SLAGELL AND MONROE, D/B/A FAIRVIEW DRIVING RANGE *v.* LESTER.

[No. 18,580. Filed February 8, 1955.]

*Parry & Barns, Arthur W. Parry* and *Merl A. Barns,* of Fort Wayne, for appellants.

*Tremper, Fruechtenicht & Kenny* and *George E. Fruechtenicht,* of Fort Wayne, for appellee.

KENDALL, J.—Suit by appellee against appellants for damages for personal injuries arising out of a fall on appellants' golf driving range. The accident occurred as appellee was leaving one of the driving tees while walking down a slight sloping earthen decline.

Appellee alleged in her amended complaint that her "left foot encountered a depression in the ground" of which she was not aware. The acts of alleged negligence are, (a) in failing to keep the premises in a reasonably safe condition by allowing the depression to exist, (b) in failing to take reasonable measures to cover over the depression to the level of surrounding area, (c) in failing to warn appellee of the existence of such depression.

Appropriate answers were filed. Trial by jury resulting in a verdict in favor of appellee for Five Thousand ($5,000.00) Dollars.

Motion for new trial filed, the specifications of which presented for consideration on this appeal are that the verdict of the jury was not sustained by sufficient evidence and was contrary to law; error of law occurring at the trial in the giving of appellee's tendered instruction number four. The new trial motion enumerated additional alleged errors of law occurring at the trial; however, they are not argued; neither do appellants cite authority to substantiate such contentions and are therefore waived.

Assignment of error number one is that the court erred in overruling appellants' motion for new trial. This presents the question of the sufficiency of the evidence and whether the verdict is contrary to law.

In view of the decision reached by the court, it is only necessary to consider section (b) of the third specification of the new trial motion, viz., error of law occurring at the trial by the court's giving appellants' tendered instruction number four to which objection was timely made, which instruction is as follows:

"If you find that the defendants negligently allowed a defect or depression to be and remain in the inclined area where the plaintiff fell, and that plaintiff had no actual knowledge of the existence of this defect or depression before the happening of the accident, then the plaintiff will be entitled to a verdict in her favor unless you shall find that plaintiff herself was negligent in failing to see the depression in time to avoid it."

Appellants contended by their objection that the instruction omitted the element of proximate cause as well as the element of assumed or incurred risk and that the evidence was insufficient to justify the submission of the issue of negligence on appellants' part to the jury.

We agree that the element of proximate cause is omitted therefrom. The instruction tells the jury that the appellee would be entitled to a verdict in her favor if certain facts were found to exist, to-wit: (1) if appellants negligently allowed a defect or depression to exist in the inclined area where appellee fell, and, (2) if appellee had no actual knowledge of the existence of the defect or depression before the happening of the accident.

The instruction did not require the jury to find that such a defect or depression, if one was found to exist in the area where the appellee fell, was the proximate cause of her falling or that it had any connection therewith. Further, if such a defect or depression were found to exist in the area referred to, appellee's right

to recover could only be barred if the jury found that appellee was guilty of contributory negligence, not negligence that contributed to her accident but only if the negligence consisted in one limited respect, viz., failing to see the depression. The instruction assumed that if some defect or depression existed in the area it was necessarily the cause of appellee's fall and relieved the jury from the necessity of considering what was the real or proximate cause of the accident. Doubtless the instruction is mandatory.

Appellee contends that about the time her right foot slipped from under her on the side of the tee that her left foot had stepped on something that caused her to lose her balance; that whatever it was, it was unknown to her, but for all purposes should have been known to the appellants. Appellants' contention was that the cause of the fall was that her shoes were flat-soled, slippery and heeless; that as appellee stepped over the edge of the tee onto the bank side thereof, her right foot slipped from under her causing her to set down on the sloping side. Under the circumstances the question presented was as to what actually caused appellee to fall. To omit consideration of the question of proximate cause which was omitted from instruction number four actually is to omit the real point in issue.

Our courts recognize the general rule that where mandatory instructions are given by the court which purport to set forth an enumeration of the facts, which, if found, would entitle the plaintiff to recover; that the instruction will be erroneous if it fails to include in such enumeration one or more facts or elements that are essential to the plaintiff's right to recover. Likewise, when such an erroneous instruction is given, no recourse to the other instructions can be made in order to supply the missing

fact or element. Neither is error cured by the fact that another instruction may also have been given which correctly stated all the facts. The only way to cure such error as herein presented would be to have withdrawn the instruction. *Chandler* v. *Kraner* (1947), 117 Ind. App. 538, 73 N. E. 2d 490; *Neese* v. *Boatright* (1954), 124 Ind. App. 680, 118 N. E. 2d 510. Under this instruction, the jury was not required to find, in order to return a verdict in favor of appellee, that the alleged defect or depression was the proximate cause of appellee's injury. Failure to do so constitutes a fatal omission. It is elementary that to recover damages for personal injuries that the plaintiff allege and prove that the alleged negligence of the defendant was the proximate cause of the injury complained of, and, on failure to do so, constitutes reversible error. *Holliday & Wyon Co.* v. *O'Donnell* (1913), 54 Ind. App. 95, 101 N. E. 642; *Hayes Freight Lines* v. *Wilson* (1948), 226 Ind. 1, 77 N. E. 2d 580; *Indiana Service Corp.* v. *Schaefer* (1936), 101 Ind. App. 294, 199 N. E. 158.

Appellee relies strongly upon the case of *City of Indianapolis* v. *Mullally* (1906), 38 Ind. App. 125, 77 N. E. 1132. This suit was against the city of Indianapolis for alleged negligence in permitting a hole, six feet long, three feet wide, six inches deep to exist in a public thoroughfare. The plaintiff in that case drove his team of horses into the hole. In the Mullally case, *supra*, there was no dispute as to the cause of the accident such as the one in the present case. Instruction number six given therein, which appellee says is similar to instruction number four given in this case, was not attacked on the ground of omitting the element of proximate cause. The only question cited by the court in the Mullally case, *supra*, was that it failed to inform the jury that contributory negligence might be estab-

lished by the plaintiff's own evidence as well as that of the defendant's evidence. The facts therein are distinguishable from the ones presented in this case and are not applicable to the facts involved.

For the reason assigned, judgment reversed with instructions to sustain appellants' motion for new trial.

NOTE.—Reported in 123 N. E. 2d 923.