VANCE *v.* WELLS.

[No. 19,102. Filed June 30, 1959.]

*Dulberger, Heeter & Salb,* of Indianapolis, for appellant.

*Rocap, Rocap, Reese & Robb* and *James E. Rocap, Jr.,* of counsel, all of Indianapolis, for appellee.

MYERS, P. J.—This is an action for damages for personal injuries arising out of an automobile collision wherein the vehicle in which appellant was riding as a passenger collided with the vehicle operated by appellee.

Virginia Vance Shields lived with her husband in Stilesville, Indiana, and her mother, Cillar Vance, the appellant herein, lived in Coatesville, a nearby town. On December 23, 1955, Mrs. Shields left her home, driving a 1955 Ford automobile, and stopped in Coatesville where she picked up appellant in order to go to Greencastle together. Mrs. Shields was planning to finish her Christmas shopping, and her mother, the appellant, wanted to ride along in order to buy a wedding present for her son who was planning on getting married. Arrangements for this trip had been made the night before so they could do their shopping in Greencastle together.

About 8:00 o'clock a.m. on December 23, Mrs. Shields was driving westward on the Greencastle-Stilesville Road which goes through a community known as Chadd Valley, which is approximately four miles east of Greencastle. There the road descends a hill, curves to the left, and passes over a concrete culvert near the foot of the hill, then curves to the right and passes across a bridge over Deer Creek. Mrs. Shields was driving at a speed of approximately 25 miles an hour. She had come down the hill and had started across the culvert when appellee, who was driving a 1942 Chevrolet two-ton truck loaded with lime, approached her from the other side. He was traveling eastward at a speed of about 30 miles an hour. The culvert is narrow, but wide enough for two vehicles to pass. Mrs. Shields' car collided with the truck on the culvert. As a result of the collision, appellant received

personal injuries which hospitalized her and gave rise to this action for damages.

The cause was tried before a jury and resulted in a verdict against appellant (plaintiff below) and in favor of appellee. Appellant filed a motion for a new trial, which asserted only one ground as error. This was the giving of an instruction by the court to the jury, which instruction was tendered by appellee and objected to by appellant. The motion for new trial was overruled and this appeal followed.

The only assignment of error presented is the overruling of appellant's motion for a new trial.

Defendant's Instruction No. 1, which is the instruction in question, reads as follows:

> "It was the duty of each driver of the cars involved to exercise reasonable care to avoid a collision with the other's automobile and if either the driver or the plaintiff failed to exercise ordinary care to avoid a collision, then such person failing to exercise ordinary care was guilty of negligence."

Appellant argues that this is an incorrect statement of the law; that it purports to impose upon the appellant the same duty to exercise ordinary care that is imposed upon the driver of the car in which appellant was riding; that it mandates a finding by the jury that appellant was guilty of negligence; and that the instruction was not corrected by other instructions. All of this is denied by appellee.

It is quite likely that, standing alone, this instruction would not correctly state the law. The court, however, gave 23 instructions of its own volition, three instructions tendered by appellant, and five instructions tendered by appellee. An instruction of this type may be cured by other instructions where they are not inconsistent with each other. *Stull* v.

*Davidson et al.* (1955), 125 Ind. App. 565, 579, 127 N. E. 2d 130, 137. In the above case this court said as follows:

"We must read these instructions in question as a part of the entire charge to the jury. If, considering the instructions as a whole, they fully and fairly instruct the jury as to every material fact in controversy, they will be considered as sufficient. Error in any particular instruction will not justify a reversal unless it be of such a nature as to vitiate the whole charge to the jury and such charge is vitiated only when the instruction is so erroneous that it must be concluded that the jurors have been misled as to the law of the case."

See, also, *Carter* v. *Aetna Life Ins. Co.* (1940), 217 Ind. 282, at 288, 27 N. E. 2d 75, at 77.

The court in the case at bar gave the following instructions:

### "PLAINTIFF'S INSTRUCTION NO. 1

"The plaintiff cannot recover if she, by her own negligence, proximately contributed to her own injury. The burden of establishing such contributory negligence is on the defendant. Negligence on the part of the plaintiff's daughter cannot be imputed to the plaintiff, however, if she be a passive guest. In determining whether or not the plaintiff in this case was guilty of contributory negligence, you shall consider her own acts and conduct and all the other circumstances shown in evidence surrounding the accident and injury, if any, to the plaintiff, and, if you shall find from the preponderance of all the evidence that the plaintiff acted as a person of ordinary prudence under the circumstances, you should find her free from contributory negligence, although you may find that her daughter was guilty of negligence in the driving and management of her automobile. In other words, no negligence of the daughter in the driving and management of her automobile can be imputed to the plaintiff if you find that she,

herself, was free from any fault or negligence and was merely the passive guest of her daughter without any authority to direct or control the conduct or movements of her said daughter in the driving and management of said automobile."

## "PLAINTIFF'S INSTRUCTION NO. 2

"Proximate cause is the act or omission that immediately causes, or fails to prevent, an injury that might have reasonably been anticipated would result from such act or omission and without which such injury would not have occurred. It is the cause which directly and in continuous sequence produces the result and without which such result would not have occurred."

### "Instruction No. 8 (Given by Court)

"Contributory negligence is such negligence on the part of the plaintiff as helped to produce the injuries complained of in plaintiff's complaint."

### "Instruction No. 11 (Given by Court)

"You are instructed that the proximate cause of an injury is not necessarily the immediate cause, but must be the efficient cause, and the efficient cause is that which sets in motion the chain of circumstances leading up to the injury. Causes that are merely incidental to a superior or controlling agency are not proximate causes, though they may be nearer in time to the results. However, there may be more than one cause proximately causing an accident or injury."

### "Instruction No. 14 (Given by Court)

"The word 'guest' is used to denote one whom the owner or possessor of a motor car or other vehicle invites or permits to ride with him as a gratuity, that is, without any financial return except such slight benefits as it is customary to extend as a part of the ordinary courtesies of the road."

### "Instruction No. 15 (Given by Court)

"The court instructs you that a passenger in an automobile, who exercises no control or management over the automobile, is required to use that

degree of care that an ordinarily prudent person in like circumstances would use, under the same or similar conditions."

"Instruction No. 16 (Given by Court)

"If you find from a preponderance of the evidence that the plaintiff, at the time of the accident complained of, was riding in an automobile being driven by Virginia Vance Shields, and that plaintiff and the said Virginia Vance Shields were then and there engaged in a joint enterprise pursuant to a contract, express or implied, and they each had the right to control and manage the operation of said automobile and the course and conduct of the trip, and they had a community of interest in the object and purpose of the undertaking in which said automobile was then being used and an equal right to direct and govern the movements and conduct of each in respect thereto; and if you further find that the said Virginia Vance Shields was negligent in the operation of said automobile at said time and place, then such negligence would be chargeable to the plaintiff."

As can be seen from these instructions, the court has given a definition of a guest as such may be considered in this case. It has distinguished between a passive guest and one who is engaged in a joint enterprise with the driver, and states the difference in liability between the two types of guests when the driver is guilty of contributory negligence. Furthermore, the court in its Instruction No. 9 charged the jury as follows:

"I instruct you that reasonable and ordinary care is such care as a reasonably careful and ordinarily prudent person would exercise under the same or like circumstances. A failure to exercise such care is negligence on the part of the one so failing."

Reading these instructions together, the jury was informed that the parties involved in this action, in-

cluding appellant's daughter, Mrs. Shields, had a duty to exercise ordinary care according to the law which pertained to each of them when the facts had been ascertained. Failure to exercise that ordinary care would constitute negligence on the part of any one of the two drivers involved in this collision. Likewise, failure to exercise due care on the part of the guest could prevent the guest from recovering. If the jury found that appellant was a passive guest, the court correctly instructed that she was not chargeable with her driver's negligence. (Plaintiff's Instruction No. 1.) If the jury found she was a passive guest, she still owed a duty in accordance with the Court's Instruction No. 15. *Stull* v. *Davidson et al.*, *supra*. If the jury found appellant was on a joint venture with her daughter, the driver of the car she was riding in, the court correctly charged that any negligence on the part of her daughter could be imputed to her. (Court's Instruction No. 16.) *Union Traction Co.* v. *Gaunt* (1923), 193 Ind. 109, 135 N. E. 486; *Jones* v. *Kasper* (1941), 109 Ind. App. 465, 33 N. E. 2d 816. If the jury found the latter to be true, and there was evidence from which they could have inferred such a relationship, appellant would have the same liability as the driver of the car in which she was riding as a matter of law. In the light of these other instructions, we do not find that Defendant's Instruction No. 1 was an incorrect statement of law.

Appellant claims that this was a mandatory instruction in that it forced the jury to find appellant guilty of negligence if they found that she had failed to use the same care as was imposed upon the drivers. For the reasons set forth above we cannot agree with appellant's contention. Particularly, we do not view the instruction as being mandatory. A

mandatory instruction unequivocally charges the jury that if they find from a preponderance of the evidence that a certain set of facts exists, they must render a verdict in accordance therewith, either for the plaintiff or in favor of the defendant. It positively directs the jury to find for one party and against the other. It is necessary that all the essentials to either party's right to recover must be included in such an instruction. *Moorman Mfg. Co. v. Barker* (1942), 110 Ind. App. 648, 40 N. E. 2d 348. Defendant's Instruction No. 1 does not attempt to do this, but merely informs the jury generally as to the care the law required of the two drivers and the guest, in accordance with the law as stated in the other instructions given.

Appellant argues that the instruction might have been valid if the court had included in it the fact that contributory negligence must be the proximate cause of the accident. It is submitted that in the Court's Instructions numbered 8 and 11 and Plaintiff's Instructions numbered 1 and 2, set forth above, the jury was clearly informed of the nature of contributory negligence and proximate cause in general, and in particular as applied to appellant.

Appellant made no objections to any other instructions given, nor did appellant object to the sufficiency of the evidence. From the instructions given, it appears that the jury was fully and fairly informed as to the law pertaining to the material facts in this case and was not misled by the giving of Defendant's Instruction No. 1.

From a careful examination of the record in this appeal, it appears to this court that the merits of the cause were fairly tried and a just result reached in the trial court, and we find no reversible error herein.

Judgment affirmed.

Ax, Cooper and Ryan, JJ., concur.

NOTE.—Reported in 159 N. E. 2d 586.