SNOW v. SUTTON.

[No. 30,043. Filed December 21, 1960. Rehearing denied February 24, 1961.]

*James P. Savage,* of Clinton, and *Jack H. Mankin,* of Terre Haute, for appellant.

*Zell & Zell,* of Clinton, and *Gambill, Cox, Zwerner & Gambill,* of Terre Haute, for appellee.

LANDIS, J.—Appellant brought action[1] for personal injuries against appellee growing out of an automobile collision in which appellant was a passenger in an automobile driven by her husband and appellee was the operator of another automobile.

---

1. This cause is brought here on petition to transfer from the Appellate Court, the Appellate Court's opinion appearing in 162 N. E. 2d 103.

The Appellate Court's opinion is in error in its discussion of appellee's Instruction No. 13 and in the reasons given for holding that the giving of such instruction was error, citing Missouri and Arkansas cases which are not in point.

Such instruction however is ambiguous in its language and meaning, and we do not desire to predicate the reversal of this cause upon it when appellee's Instruction No. 32 treated in this opinion was clearly and obviously erroneous. On a retrial of said cause if said Instruction No. 13 is given again, it should be re-drafted to remove its ambiguity and to conform with our comments in this opinion as to appellee's erroneous Instruction No. 32.

According to appellant's complaint she was riding in a southerly direction in her husband's car on U. S. 41 approximately 200 feet behind another south-bound car driven by appellee; that appellee carelessly and negligently operated his motor vehicle and thereby collided with a north-bound truck driven by a third party named Holdaway, causing said truck to career across the center of said highway into the automobile in which appellant was riding, with great force and violence. The complaint charges four acts of negligence, viz.: that appellee negligently drove his automobile to and upon the side of the highway which was to his left; that appellee negligently failed to keep his automobile under control so that it could be driven to his right, or generally to the west of said Holdaway truck; that appellee negligently failed to keep a lookout for other persons or automobiles properly using said highway, including said Holdaway truck; and that appellee negligently failed to apply his brakes in time to avoid striking the Holdaway truck.

That as a result of said negligence appellant was thrown against parts of the car in which she was riding causing serious injuries, to-wit: the loss of sight of appellant's right eye, a fractured right leg, lacerations and bruises. Wherefore appellant prayed judgment for $100,000.

Appellee filed answer to the complaint in effect denying the allegations thereof, and a trial was had by jury resulting in a verdict for appellee. Appeal is from the judgment.

Among the alleged errors urged as a result of the overruling of appellant's motion for new trial is the giving by the court of appellee's tendered Instruction No. 32, which was as follows:

"If you find, members of the jury, by a preponderance of the evidence that at the time the truck of Woodford B. Holdaway struck the Sutton car that said Sutton car was to the right of the center of the highway and on its own side of the road, and you further find that said collision was the sole proximate cause of plaintiff's injuries and damages, then I instruct you the plaintiff cannot recover against defendant Sutton."

Appellant filed the following written objections to the giving of said instruction:

"The plaintiff objects to the Court giving to the jury defendant's instruction Number 32 for each of the following reasons: This instruction is highly prejudicial for many reasons, perhaps the most apparent of which is that it is a completely erroneous statement of the law. When it is considered with defendant's instruction Number 13, which was also given to the jury, it is apparent that the jury has been instructed in a mandatory instruction that a certain condition brought about by the conduct of Holdaway, namely, crossing the center of the highway, constitutes negligence, when in fact such conduct certainly is not negligence per se. It repeats defendant's instruction Number 13 and, like it, excludes the possibility of concurrent negligence by Holdaway and the defendant. It invades the province of the jury by instructing it that the mere fact that the collision occurring on the defendant's side of the road constitutes negligence on the part of Holdaway. Being a mandatory instruction, it leaves out the possibility of defendant being negligent as alleged in rhetorical paragraphs 4(b), 4(c) and/or 4(d) of the complaint and such negligence alone or concurring with the possible negligence of Holdaway in contributing to plaintiff's injury. In fact, it tells the jury that if the collision happened on the defendant's side of the road such fact alone was the sole proximate cause of plaintiff's injury."

The above instruction in effect told the jury that if they found from a preponderance of the evidence that

at the time the Holdaway truck struck appellee's-Sutton's car said Sutton car was on its own side of the road and to the right of the center of the highway, and that said collision was the sole proximate cause of appellant's injuries and damages, then appellant could not recover against appellee Sutton.

This instruction was erroneous as it did not negative three of the four specifications of negligence alleged in the complaint, nor was it limited to the situation in which the one cause of negligence negated was the sole proximate cause of appellant's injury. It will be noted the instruction is conditioned upon *the collision* being the sole proximate cause of appellant's injury and not upon *one specification of negligence* therein negated being the sole proximate cause of such injury. The instruction obviously did not therefore exclude from its operation and scope the three specifications of alleged negligence with reference to appellee keeping his car under control, failing to keep a lookout and failing to apply brakes, upon each of which probative evidence was introduced.

This instruction was mandatory in character and was erroneous, for it is well settled that where a mandatory instruction is given by the court which purports to set forth an enumeration of the facts which, if found, would entitle a plaintiff or a defendant to a verdict, the instruction will be deemed erroneous if it fails to include in such enumeration one or more facts or elements that are essential for such party to prevail. *Slagell et al.* v. *Lester* (1955), 125 Ind. App. 257, 261, 123 N. E. 2d 923, 925; *Dimmick* v. *Follis* (1953), 123 Ind. App. 701, 708, 111 N. E. 2d 486, 489. And it is further the settled law that where an essential fact is omitted from a mandatory instruction, the error cannot be cured by supplying the omission from

another instruction. *King's Indiana Billiard Co.* v. *Winters* (1952), 123 Ind. App. 110, 127, 106 N. E. 2d 713, 720.

As this cause must therefore be reversed, it is unnecessary to consider the remaining contentions of error asserted by appellant.

Judgment reversed with instructions to sustain the motion for a new trial.

Bobbitt, C. J., and Achor, Arterburn and Jackson, JJ., concur.

NOTE.—Reported in 170 N. E. 2d 816.