RYAN *v*. LEACH.

[No. 20,199. Filed April 28, 1966.]

*Buena Chaney, Thomas H. Hicks,* and *Mann, Mann, Chaney, Johnson & Hicks,* of Terre Haute, for appellant.

*D. Joe Gabbert,* and *Dix, Dix, Patrick, Ratcliffe & Adamson,* of Terre Haute, and *John McFaddin,* of Rockville, for appellee.

WICKENS, J.—Appellant asks that this court reverse the judgment below solely because of one instruction given to the jury.

Appellant was plaintiff in an action for personal injuries and the jury returned a defendant's verdict.

It is agreed by the parties that a collision causing personal injuries to appellant occurred while the car in which she was

a passenger was being properly operated. Thus, there was no issue of contributory negligence by plaintiff-appellant.

The instruction complained of was termed by appellant to be a mandatory instruction in that it positively directed the jury to find for defendant-appellee if the jury found that the collision was "caused" by a mechanical failure of defendant's automobile brakes, which condition was not reasonably foreseeable, the whole instruction being:

> "A person who is driving an automobile on the public highways is not bound to anticipate or foresee any mechanical failure on the part of his automobile unless he actually knew of the defective condition or could have discovered the same in the exercise of reasonable care. Therefore, if you find that the collision in this case was caused by a failure of the brakes on the automobile of the defendant, and if you further find that the defendant did not know that the brakes on his automobile were defective or that he could not have discovered the defective condition by a reasonably careful inspection, your verdict must be for the defendant."

We find it to be mandatory.

> "A mandatory instruction unequivocally charges the jury that if they find from a preponderance of the evidence that a certain set of facts exists, they must render a verdict in accordance therewith, either for the plaintiff or in favor of the defendant. It positively directs the jury to find for one party and against the other." *Vance* v. *Wells* (1959), 129 Ind. App. 659, 666, 667, 159 N. E. 2d 586.

The specific objection to the instruction was that it omitted the element of proximate cause.

The objection to the instruction should have been sustained. Mechanical failure which was merely one of the causes of injury would not defeat recovery, assuming the defendant's negligence to be a proximate cause and the failure to be not reasonably foreseeable.

To clarify this further, the mechanical failure referred to in the instruction was a matter of defense. It could con-

stitute a complete defense only if mechanical failure was the *sole proximate cause*. If the negligence (charged in the complaint) of the defendant was the *sole* proximate cause, the plaintiff should recover. That would be true even if unforeseeable mechanical failure was also *a* cause. If contributory negligence, no matter how slight it be, was a proximate cause such contributory negligence defeats the right of recovery. In either of these situations mechanical failure is a proper matter to consider. It is a matter for the court's instructions where it is made pertinent by issues or evidence. However, it affects recovery only when it is a *proximate cause*. It defeats recovery only if it is the sole proximate cause of injury, and that is the important part which the instruction fails to state.

Failure to include the element of proximate cause has been heretofore held fatal. Since the instruction is mandatory it cannot be cured by other instructions. *Snow* v. *Sutton* (1960), 241 Ind. 364, 368, 369, 170 N. E. 2d 816; *Slagell et al.* v. *Lester* (1955), 125 Ind. App. 257, 261, 262, 123 N. E. 2d 923; *Nepsha* v. *Wozniak* (1950), 120 Ind. App. 362, 365, 366, 92 N. E. 2d 734.

Mandatory instructions by which the court, under named circumstances directs action of the jury, are to be given with caution. The instruction in question, and many such as this court is constantly reviewing, contain good general principles. However, we think it has been rightly held, many, many times, that where the instruction directs the action of the jury it must contain every necessary element.

Because of the error in giving this instruction the judgment is reversed.

Prime, C. J., Carson and Faulconer, JJ., concur.

NOTE.—Reported in 215 N. E. 2d 877.