BAYNE *v.* TURNER.

[No. 20,636. Filed May 2, 1968. Rehearing denied May 27, 1968. Transfer denied August 15, 1968.]

*Richard W. Yarling, Donald L. Tunnell*, of Indianapolis, *Yarling, Winter & Tunnell*, of counsel, of Indianapolis, and *Brunner, Brown & Brunner*, of counsel, of Shelbyville, for appellant.

*H. Harold Soshnick, Paul T. Brenton, Charles T. Bate*, of Shelbyville, and *Soshnick & Brenton*, of counsel, of Shelbyville, for appellee.

SMITH, J.—This is an action on a complaint in two paragraphs, brought by the appellee against the appellant.

The first paragraph seeks damages in the amount of $9,750.00 for personal injuries arising out of an automobile and truck collision; and the second paragraph seeks damages

in the amount of $775.00 for damages to appellee's truck resulting from the same collision.

Both of the said legal paragraphs charge the appellant with five acts of negligence in the operation of his automobile, which negligence allegedly proximately caused a collision with the appellee's truck. Appellant filed answer in two paragraphs to said amended complaint, and thus the issues were joined.

The cause was submitted to a jury for trial, and the jury returned a verdict for the appellee on each legal paragraph of the complaint. The appellant filed a motion for a new trial, which was overruled, and judgment was entered for the appellee in accordance with the general verdict.

The verdict and judgment read as follows:

> "We, the Jury, find for the Plaintiff on Paragraph I of his complaint and against the Defendant; that the Plaintiff recover of and from the Defendant on Paragraph I of his complaint the sum of $650.00.
>
> "We, the Jury, find for the Plaintiff on Paragraph II of his complaint and against the Defendant; that the Plaintiff recover of and from the Defendant on Paragraph II of his complaint the sum of $600.00."

Judgment was accordingly entered in favor of the plaintiff-appellee in the total amount of $1,250.00 with costs assessed against the defendant-appellant.

The facts alleged in the complaint are as follows:

> State Road No. 44 is a public highway, extending generally north and south in and through Shelby County, Indiana.
> State Road No. 44 is intersected by St. Joe Street, another public highway, which extended generally east and west in said county.
> That on or about April 1, 1962, at approximately 4:00 P.M., the plaintiff was operating his 1956 Ford truck in a generally westerly direction on said St. Joe Street; that when he reached said State Road No. 44, he stopped his said truck for a stop sign located at said intersection, looked in both directions for on-coming traffic, and then proceeded across said State Road No. 44, headed in a generally westerly direction.

That at said time defendant was operating his 1962 Ford automobile in a northerly direction on State Road No. 44, and that while plaintiff was attempting to cross said highway as aforesaid, defendant drove into the side of the plaintiff's truck; that at all times the defendant was guilty of one or more of the following acts of negligence, each of which was a direct and proximate cause of the collision in question and the personal injuries and property damage resulting therefrom:

(a) He negligently and carelessly drove his said Ford automobile at a high and dangerous rate of speed, to-wit: 65 miles per hour in a 35 mile per hour speed zone.

(b) He negligently and carelessly drove his said Ford automobile at a rate of 65 miles per hour, which speed was dangerous, unreasonable and excessive in the light of the conditions of traffic existing at said intersection.

(c) He negligently and carelessly failed to maintain a reasonable lookout ahead for automobiles proceeding westerly across said St. Joe Street as the defendant neared and approached said intersection from the south.

(d) The defendant negligently and carelessly failed to yield the right of way to the plaintiff.

(e) The defendant negligently and carelessly failed to maintain reasonable control of his Ford automobile in that he neither stopped the same, turned the same to his left or right, nor slowed the same down in order to attempt to avoid striking plaintiff's truck.

The cause was originally filed in the Shelby Superior Court, but because the Judge of said court was a witness in the case, the cause was transferred to the Shelby Circuit Court for trial.

The defendant alleges in his motion for a new trial that the verdict of the jury is not sustained by sufficient evidence; that the verdict of the jury is contrary to law; and further alleges that several errors occurred at the trial, namely: the introduction of a certain exhibit disclosing the record of a criminal trial growing out of the accident in question, and the giving and refusing to give certain instructions.

There was a total of 62 instructions given, and we will not belabor this opinion with a recital of these instructions.

The sole assignment of error is the overruling of defendant-appellant's motion for a new trial.

The appellant asserts that the trial court committed reversible error by giving plaintiff-appellee's tendered Instruction No. 1, which is the trial court's Instruction No. 22. Plaintiff-appellee's tendered Instruction No. 1 reads as follows:

> "The doctrine of last clear chance applies to permit a recovery by the plaintiff where the danger threatening the plaintiff was actually discovered by the defendant and under circumstances whereby the defendant realized, *or reasonably should have realized, the peril to the plaintiff* in time to have averted the accident. In other words, it is a negligent failure to avoid a discovered peril that makes applicable the rule of last clear chance.
>
> "So, in this case, if you should find and believe from a fair preponderance of the evidence that the plaintiff, Ulysses Grant Turner, drove towards and into the intersection in question and that the plaintiff was thereafter helpless to avoid the accident, and if you further find and believe that the defendant saw the plaintiff in a perilous position *and that the defendant knew or reasonably should have known of the perilous predicament in which the plaintiff found himself,* and if you further find and believe that thereafter the defendant, in the exercise of reasonable care could have slowed down or stopped or swerved the automobile he was driving and thereby have avoided the collision, then under such circumstances, the defendant would have a duty to take advantage of its last clear chance, if any, to avoid the accident, and any failure upon the defendant's part to do so would make him responsible for the accident." (Emphasis supplied).

Defendant-appellant's objection to the giving of the above instruction is as follows:

> "Plaintiff's tendered instruction No. 1, on the ground in the first paragraph thereof the doctrine of last clear chance is misstated in the following particulars: Although it is stated that the peril may have been actually discovered by the defendant at the beginning of the paragraph, at a later place in the paragraph it is stated that the peril may have been such as reasonably should have been realized to exist by the Defendant and thus not actually discovered by him. On the further ground that the statement is made that a

recovery by the Plaintiff is permitted under certain circumstances without including the circumstances, that if the Plaintiff is able, by the exercise of ordinary care, to extricate himself from his peril then he is negligent and may not recover if proximate causation is shown.

"The Defendant further objects for the reason that said instruction as to last clear chance is not supported by the evidence in this cause in the following particulars: There is no evidence that Plaintiff at any time was helpless to avoid the collision. No evidence that the Defendant, in the exercise of ordinary care himself, could have avoided the collision after discovering the Plaintiff's peril.

"The instruction further implies in its second paragraph that the Defendant did not swerve or slow his vehicle in an effort to avoid the collision, although there is evidence in this case that he did so. Further, the instruction ignores evidence in the cause that the Plaintiff himself was negligent at the time of the injury and had the continuing ability to prevent the collision by himself stopping or swerving the movement of his vehicle, and, finally on the ground that the instruction permits recovery by a plaintiff without including the element of proximate causation. For the further reason that the evidence in this case in no way discloses that the Defendant himself was oblivious to the peril."

In answer to the appellant's position, the appellee contends that plaintiff's tendered Instruction No. 1, which is the trial court's Instruction No. 22, is not a mandatory instruction for the apparent reason that it does not explicitly charge the jury to return a verdict for the plaintiff.

It is the position of the appellant that Instruction No. 1 as above set forth is a mandatory instruction on the doctrine of last clear chance; that it is clearly established in this state that a mandatory instruction given on this theory must contain all the essential elements of the doctrine.

It is quite apparent to this court that the words contained in the instruction, namely: "would make him responsible for the accident," is in effect a mandatory instruction. It is our opinion that the phrase "would make the defendant liable for the accident" is tantamount to a

charge to the jury to return a verdict for the plaintiff, and it is almost impossible to conceive of any other possible interpretation of said phrase. We deem that it is not necessary that an instruction contain the words "you shall return a verdict" in order for it to be mandatory under the law of this state. If the practical result of the language used is the same, then the instruction certainly is mandatory in nature.

In the case of *Snow* v. *Sutton* (1960), 241 Ind. 364, 170 N. E. 2d 816, our Supreme Court held in substance that an instruction given by the trial court was mandatory and was reversible error for its failure to include an essential element, although said instruction *did not specifically direct the jury to return a verdict*. The language used in the *Snow* case was as follows:

". . . then I instruct you the plaintiff cannot recover against defendant Sutton."

The Supreme Court held in the *Snow* case that said language was mandatory in character.

The language "would make him responsible for the accident," in our opinion, allows the jury no other alternative than to find against the defendant and, therefore, falls within the definition of mandatory.

From an examination of the language used in Instruction No. 1 it is our opinion that the language misstates the law of Indiana in regard to the doctrine of last clear chance.

Our court recently, in the case of *Stallings* v. *Dick* (1965), 139 Ind. App. 118, 210 N. E. 2d 82, laid down the ground rules for the necessary elements of last clear chance. Transfer has been denied in this case, and it appears to be the last expression of either of our courts of appeal on the doctrine of last clear chance.

The essential elements of last clear chance, as stated in the *Stallings* case, are as follows: (1) plaintiff must be in a

position of peril; (2) defendant must have actual knowledge of plaintiff's peril; (3) defendant must have a later opportunity than the plaintiff to avoid the injury; (4) plaintiff must, if possible, extricate himself from his position of peril.

It appears that Instruction No. 1 is lacking in at least two of the essential requirements as set forth in the *Stallings* case:

First, in paragraph one of said instruction, it is stated that "where the danger threatening the plaintiff was actually discovered by the defendant and under circumstances whereby the defendant realized, *or reasonably should have realized* the peril to the plaintiff"; and second, in paragraph two of said instruction, it is stated "that the defendant knew *or reasonably should have known* of the perilous predicament in which the plaintiff found himself." It appears that this language does not comply with the essential element of *actual knowledge* as required in the *Stallings* case.

In *Heldt* v. *Thompson* (1927), 86 Ind. App. 270, 157 N. E. 60, the rule of last clear chance was stated as follows:

". . . The last clear chance contemplates *a known peril* which can be avoided by due care, *not a peril which might have been known by the exercise of due care.* In other words, it is the negligent failure to avoid discovered peril that makes applicable the rule of last clear chance" (emphasis supplied).

In 21 I.L.E. *Negligence*, Sec. 92, at pp. 351, 352, the following statement of the doctrine of last clear chance is made:

"In order to invoke the application of the last clear chance doctrine, *defendant must have had knowledge* of plaintiff's danger or situation of peril and of the helpless condition of plaintiff and thereafter have failed to exercise reasonable care to avoid harming him. The knowledge of plaintiff's peril or danger, which will bring a case within the doctrine, . . . must be *actual* knowledge, and the mere fact that by the use of ordinary care and diligence the peril might have been known to the person who inflicted the in-

jury does not bring a case within the doctrine" (emphasis supplied).

(Also, see cases cited therein).

The second essential element lacking in plaintiff's Instruction No. 1 is that it fails to instruct that the plaintiff must extricate himself from the position of peril, if possible, ■ or that he could have extricated himself had he known of the danger, but failed to do so because he was unconscious of the peril. It is our opinion that a mandatory instruction on last clear chance must include this essential element or the instruction is erroneous. See *Stallings* v. *Dick*, *supra*.

It is our opinion that in the light of the *Stallings* case plaintiff's tendered Instruction No. 1, which is the court's Instruction No. 22, is clearly an erroneous statement of the doctrine of last clear chance, that said instruction is mandatory in nature, and is required to include all of the essential elements in the doctrine of last clear chance as recited in the *Stallings* case.

It is further our opinion that the instruction is not only erroneous by misinstructing the jury on the doctrine of last clear chance, but is prejudicial and clearly demonstrates reversible error.

The appellant further maintains that it was reversible error for the trial court to give to the jury plaintiff's tendered Instruction No. 27, trial court's Instruction No. 61. This instruction also deals with the legal concept of last clear chance. The instruction and objections thereto read as follows:

### Plaintiff's Tendered Instruction No. 27

"In determining whether or not the defendant is chargeable with knowledge of the plaintiff's perilous situation, you are not absolutely bound by the testimony of the defendant or any other witness concerning the state of mind of said persons. If you find and believe from a fair preponderance of the evidence that a reasonable and prudent person upon seeing the plaintiff, Ulysses Grant Turner, approaching and going into the intersection in question would have realized

in the exercise of due care that said plaintiff's truck was in a perilous position, then and under such circumstances the defendant would be chargeable with such knowledge, irrespective of any testimony, if any, to the contrary.

"In other words, the defendant cannot legally be heard to say that he expected the plaintiff to get said truck out or off of said intersection, if, as a matter of fact, you find and believe from a fair preponderance of the evidence that a reasonable and prudent person under such circumstances would have had no such expectation."

Appellant's objection to this instruction is as follows:

"And finally, the Defendant objects to Plaintiff's tendered Instruction No. 27, on the ground that it instructs the Jury that it is not bound by the testimony of witnesses who have testified, regardless of whether or not such witnesses are entitled to credibility, in the opinion of the Jury. It assumes that there was evidence in this case of a perilous situation existing in connection with the position of the truck operated by Ulysses Grant Turner. Further, it permits the Jury to find from a preponderance of the evidence that the defendant saw the truck of the Plaintiff approaching the intersection, when in fact, the evidence is contradicting that he did not see the truck until it reached and had entered into the intersection."

After examining the language used in plaintiff's Instruction No. 27, trial court's Instruction No. 61, it is our opinion it is erroneous and prejudicial to the rights of appellant-defendant. The instruction, in effect, instructs the jury that if a reasonable and prudent person would have, by the exercise of reasonable care, discovered the peril of the plaintiff, then the defendant is chargeable with such knowledge, irrespective of any evidence to the contrary. The test, as previously prescribed in heretofore cited Indiana authorities, is that *the defendant must have actual knowledge of the peril, not that he could have discovered it by the exercise of reasonable care.* We do not deem it necessary to cite again the Indiana authorities we cited in consideration of plaintiff's tendered Instruction No. 1. We feel that said cited authorities apply with equal force to a consideration of plaintiff's Instruction No. 27.

We do not deem it necessary to discuss the other errors assigned by the appellant, namely, the introduction of improper evidence and the giving of other alleged erroneous instructions, in view of our holding that plaintiff's tendered Instruction No. 1 and Instruction No. 27 are clearly erroneous and constitute reversible error.

Judgment reversed with instruction to the trial court to grant motion for a new trial.

Cook, P. J., Bierly and Pfaff, JJ., concur.

NOTE.—Reported in 236 N. E. 2d 503.