## DOCTOR *v.* FORT WAYNE NATIONAL BANK

[No. 867A50. Filed July 2, 1968. Rehearing denied September 4, 1968. Transfer denied December 10, 1968.]

*Parry, Krueckeberg and Lee, Arthur W. Parry, John H. Krueckeberg,* and *William C. Lee,* of Fort Wayne, for appellant.

*J. A. Bruggeman,* and *Barrett, Barrett and McNagny,* of Fort Wayne, for appellee.

FAULCONER, J.—Appellee brought an action for damages against appellant for the wrongful death of appellee's decedent. Judgment was duly entered for appellee on the verdict of a jury. The subsequent overruling of appellant's motion for new trial is assigned as error on this appeal.

One of the specifications of appellant's motion for new trial is the giving of plaintiff's Instruction No. 11 over defendant's objection. Said Instruction No. 11 and appellant's objections thereto read as follows:

### Appellee's Instruction No. 11

"In order for the plaintiff to recover it is not necessary that it prove all of the acts of negligence stated in its complaint, but it must prove by a fair preponderance of the evidence at least one of such acts of negligence. Therefore, if you find that the defendant, was negligent in any of the particulars described in the complaint, to-wit:

(a) Said stairs were improperly lighted in that there was an unprotected bulb shining directly in the face of the decedent as she descended the stairs.

(b) Said stairs had carpeting tacked on the four levels closest to the top, while those levels below were plain, thus creating a confusing change of surface, which fact was well known to the defendant.

[allegation (c) was omitted from the instruction at trial]

(d) At the time the decedent started to descend the stairs she was carrying a platter of food, which occupied both her hands, and such fact was known to defendant, who failed to warn her of said stairs.

If any one of these said acts of negligence was the proximate cause of the accident, and you further find that Maria Doctor, the decedent, did not contribute to the cause of the accident, then you should find for the plaintiff."

### Appellant's Objections

"The defendant objects to the Plaintiff's tendered Instruction No. 11 for the reason it is mandatory in form and omits the element of assumption of risk and contributory negligence as matters for the consideration of the jury. Further, there is no evidence that the steps were slippery by reason of being painted. Furthermore, the instruction does not specifically require proximate cause to be supported by proof, and/or to be based upon a finding of proof that one of the acts of negligence was the proximate cause of the occurrence. It doesn't require negligence to be active but allows passive negligence to be considered sufficient for recovery."

It is well settled in this state that where a mandatory instruction is given by the court which purports to set forth an enumeration of the facts which, if found, would entitle a plaintiff or a defendant to a verdict, the instruction will be deemed erroneous if it fails to include in such enumeration one or more facts or elements that are essential for such party to prevail. *Snow v. Sutton* (1961), 241 Ind. 364, 368, 170 N. E. 2d 816; *King's Indiana Billiard Co. v. Winters* (1952), 123 Ind. App. 110, 127, 106 N. E. 2d 713 (transfer denied); *Redd v. Indianapolis Railways* (1951), 121 Ind. App. 472, 475, 97 N. E. 2d 501 (transfer denied).

Plaintiff's instruction No. 11 was a mandatory instruction, as it directed the jury to return a verdict for the plaintiff if they found certain enumerated facts to exist. *Vance v. Wells* (1959), 129 Ind. App. 659, 667, 159 N. E. 2d 586; *Harper v. James* (1965), 246 Ind. 131, 134, 203 N. E. 2d 531. Therefore, the giving of said instruction was erroneous if it did not contain all of the facts or elements necessary to plaintiff's right to recover. 28 I.L.E., *Trial,* § 183, p. 170; 2 Wiltrout, *Ind. Civ. Proc.,* § 1400 (8), p. 345 (1967).

"A mandatory instruction which ignores the issues, defenses and evidence is erroneous." *Borroughs v. Southern Colonization Co.* (1932), 96 Ind. App. 93, 115, 173 N. E. 716 (transfer denied) ; *Vance v. Wells* (1959), *supra.*

One of the defenses pleaded by the defendant to the cause of action was that the plaintiff-appellee had assumed the risk. There was also evidence from which the jury could have so found. Therefore, even if the jury found for plaintiff on all facts enumerated in instruction No. 11 it could have still found for defendant on the doctrine of assumption of risk. Since said instruction No. 11 failed to negative this defense the giving thereof was error.

When an erroneous mandatory instruction is given, no recourse to the other instructions can be made in order to supply the missing fact or element nor is the error cured by the fact that another instruction may also have been given which correctly stated all of the facts and material elements. The only way to cure such error would be to have withdrawn the instruction. *Slagell et al. v. Lester* (1955), 125 Ind. App. 261, 262, 123 N. E. 2d 923.

For the giving of instruction No. 11 over the specific objections of defendant-appellant the judgment must be reversed.

Judgment reversed.

Carson, C.J., Cooper and Prime, JJ., concur.

NOTE.—Reported in 238 N. E. 2d 289.