WACHTSTETTER *v.* HARDIN.

[No. 1268A201. Filed September 8, 1969. No petitions for rehearing or transfer filed.]

[5] See note 2, *supra.*

*Michael V. Gooch, Larry J. Wallace,* and *Harrison, Moberly, Wallace & Gaston,* all of Indianapolis, for appellant.

*Harold H. Harrell* and *Snyder, Bunger, Cotner, Harrell & Robertson,* of Bloomington, for appellee.

PFAFF, C.J.—The appellant sustained personal injuries while riding as a passenger in appellee's vehicle. At the time of the accident which caused appellant's personal injuries, appellee's vehicle was being operated by one Della Haggard, and appellee was, like the appellant, a passenger therein. The suit against Della Haggard was dismissed and a jury trial against defendant-appellee, Hardin, resulted in a verdict in his favor. Appellant's motion for a new trial, which alleged error in the giving of appellee's Instruction No. 5, and that

the verdict was contrary to law, was subsequently overruled and this appeal followed that action.

Appellant contends that appellee's Instruction No. 5, given by the court, is a mandatory instruction and, as such, was erroneous in that the instruction omitted certain elements of recovery stated in appellant's complaint.

The often cited case of *Vance* v. *Wells* (1959), 129 Ind. App. 659, 159 N. E. 2d 586, provides a sound definition of a mandatory instruction and also states the acknowledged rule upon which appellant based her theory of reversal. It is stated at pages 666 and 667 as follows:

"* * * A mandatory instruction unequivocally charges the jury that if they find from a preponderance of the evidence that a certain set of facts exists, they must render a verdict in accordance therewith, either for the plaintiff or in favor of the defendant. It positively directs the jury to find for one party and against the other. *It is necessary that all the essentials to either party's right to recover must be included in such an instruction.*" (Emphasis supplied)

It is contended that the language, "The Court instructs you that in order for the plaintiff to recover in this action" is mandatory in nature and that, therefore, appellee's Instruction No. 5 is a mandatory instruction. When compared with the *Vance* definition, *supra,* this argument would seem nebulous because the quoted language from appellee's Instruction No. 5 seemingly does not unequivocally charge or direct the jury to find for one party or another. However, the recent Appellate Court decision in *Bayne* v. *Turner* (1968), 142 Ind. App. 580, 236 N. E. 2d 503, 506 (Transfer denied), stated "* * * that it is not necessary that an instruction contain the words 'you shall return a verdict' in order for it to be mandatory under the law of this state. If the practical result of the language used is the same, then the instruction certainly is mandatory in nature." Earlier in the opinion the court stated that the words "would make

him responsible for the accident" made the instruction in question a mandatory instruction, stating that it was "tantamount" to a charge that the jury return a verdict for the plaintiff.

In *Bayne, supra,* the court relied on the Supreme Court decision in *Snow* v. *Sutton* (1960), 241 Ind. 364, 170 N. E. 2d 816, and in referring to the opinion in *Snow* stated:

> "In the case of Snow v. Sutton (1960), 241 Ind. 364, 170 N. E. 2d 816, our Supreme Court held in substance that an instruction given by the trial court was mandatory and was reversible error for its failure to include an essential element, although said instruction *did not specifically direct the jury to return a verdict.* The language used in the *Snow* case was as follows:
>
> " '* * * then I instruct you the plaintiff cannot recover against defendant Sutton.'
>
> "The Supreme Court held in the *Snow* case that said language was mandatory in character."

The language stated to be mandatory in *Snow* v. *Sutton, supra,* is in our opinion no different from the language we now hold to be mandatory in appellee's Instruction No. 5 where it was stated that "The Court instructs you that in order for the plaintiff to recover in this action * * * ." The mere intermingling of words or a subtle change in phraseology cannot change the practical effect and result of the language. Both convey the same meaning and import and both are mandatory.

The remaining question is whether this mandatory instruction is erroneous. Appellee's Instruction No. 5 states as follows:

> "The Court instructs you that in order for the plaintiff to recover in this action the plaintiff must prove by a fair preponderance of the evidence that the defendant, Cloyd Frank Hardin, knew that Della Haggard was unfit to drive an automobile and that she would use the automobile in a negligent manner. Evidence which reveals that Cloyd

Frank Hardin could have known or would have known that Della Haggard was unfit to drive is not sufficient under the law to impose liability."

Plaintiff-appellant's complaint states in substance:

(1) Defendant Hardin with wanton disregard for the safety of his passengers allowed and consented to the operation of his vehicle by Della Haggard at such an excessive speed that said automobile was not kept under control.

(2) Defendant Hardin with wanton disregard for the safety of his passengers allowed and consented to the operation of his vehicle by Della Haggard, said defendant having full knowledge of the inexperience and inability of Della Haggard to properly operate his vehicle under road and driving conditions then and there existing.

(3) Defendant Hardin, with wanton disregard for the safety of his passengers allowed his motor vehicle to be driven with inadequate shock absorbers when the defendant knew, or should have known, of the existence of said defective shock absorbers.

Appellee's Instruction No. 5 is, in essence, a proper instruction on the theory of negligent entrustment of a vehicle. We, however, fail to agree with appellee's contention that this complaint speaks solely to the liability of one who negligently entrusts a vehicle to a third person. Said instruction does not negate two of the three specifications of negligence alleged in the complaint, and, further, we do not here have a situation in which the one cause of negligence negated in the instruction served as the sole proximate cause of appellant's injury. Instruction No. 5 does not negate specifications numbered 1 and 3 which are set forth in substance above. The mandatory nature of the instruction therefore precluded the jury from considering the alleged negligence of permitting operation of the vehicle in a negligent manner and of the negligence inherent in the operation of a defective vehicle, upon each of which probative evidence was introduced.

We conclude, therefore, that the error presented here requires a reversal of the judgment. As stated in *Snow* v. *Sutton, supra:*

"This instruction was mandatory in character and was erroneous, for it is well settled that where a mandatory instruction is given by the court which purports to set forth an enumeration of the facts which, if found, would entitle a plaintiff or a defendant to a verdict, the instruction will be deemed erroneous if it fails to include in such enumeration one or more facts or elements that are essential for such party to prevail. *Slagell et al.* v. *Lester* (1955), 125 Ind. App. 257, 261, 123 N. E. 2d 923, 925; *Dimmick* v. *Follis* (1953), 123 Ind. App. 701, 708, 111 N. E. 2d 486, 489. And it is further the settled law that where an essential fact is omitted from a mandatory instruction, the error cannot be cured by supplying the omission from another instruction. *King's Indiana Billiard Co.* v. *Winters* (1952), 123 Ind. App. 110, 127, 106 N. E. 2d 713, 720."

Judgment reversed with instructions to the trial court to grant appellant's motion for new trial. Costs of this appeal shall be assessed against the appellee.

Hoffman, Sharp and White, JJ., concur.

NOTE.—Reported in 250 N. E. 2d 504.