DRINSKI *v.* PUTEK ET AL.

[No. 17,803. Filed January 19, 1949. Transfer denied May 10, 1949.]

*Kenneth Call,* of Gary, for appellant.

*E. Miles Norton,* of Crown Point, for appellees.

BOWEN, J.—In the court below a complaint was filed by one Mary Drieciniak against her daughter, Joan Drinski, appellee herein, who was married during this litigation and her true name became Joan Drinski Putek, and where the names Joan Drinski or Joan Drinski Putek appear in this opinion they refer to the same person. This suit sought to set aside a contract between plaintiff and the defendant, Joan Drinski Putek, and to set aside a deed made by the plaintiff, conveying certain real estate in Lake County, Indiana, to Joan Drinski.

A cross-complaint was filed by Marjorie Drinski, the appellant herein, who was made a new party cross-defendant in a cross-complaint filed by Joan Drinski to quiet title to the real estate described in the complaint. Marjorie Drinski filed answer to the cross-complaint of Joan Drinski, and also filed a cross-complaint in two paragraphs. The first paragraph of appellant's cross-complaint alleged in substance that the appellant's and appellees' mother, Mary Drieciniak, now deceased, was during her lifetime the owner in fee simple of certain real estate in Gary, Indiana. That during her lifetime, the said Mary Drieciniak entered into a contract in writing with the appellee, Joan Drinski, and that at the time of the execution of such contract said Mary Drieciniak did purport to convey such real estate to the said Joan Drinski. That the consideration for such transfer and conveyance failed in that in violation of said contract and the terms thereof the said Joan Drinski did fail to care for, maintain, and support the said Mary Drieciniak

as long as said Mary Drieciniak should live and did fail to pay the expenses of the said Mary Drieciniak in illness, in health, and the burial expenses, and that the said Joan Drinski has and did fail to pay unto appellant the sum of $1 as provided for in such contract.

The prayer of such first paragraph of said cross-complaint sought to have the conveyance of such real estate to Joan Drinski vacated and set aside. The second paragraph of appellant's cross-complaint alleged that the cross-defendants claimed an interest in such real estate which constituted a cloud on cross-complainant's title and the prayer thereof asked that appellant's title be quieted to an undivided one-third interest in such real estate. To this cross-complaint of appellant, Marjorie Drinski, the appellee, Joan Drinski Putek, filed an answer in three paragraphs. The third paragraph of answer of Joan Drinski Putek to appellant's cross-complaint was a plea of res judicata and recited that after the execution of the contract and deed in question, her mother, Mary Drieciniak, filed her suit in the Circuit Court of Cass County, Michigan; that the appellee, Joan Drinski and her brother, Ulick Drinski, were made defendants to such suit; that afterwards an amended bill of complaint was filed in such cause in which the appellant herein was a joint party plaintiff with one John B. Hadden, administrator of the estate of Mary Drieciniak. Appellee, Joan Drinski Putek's, said third paragraph of answer further set forth fully the pleadings, findings, and judgment of the Circuit Court of Cass County, Michigan, and also the opinion of the Supreme Court of Michigan which affirmed the judgment of the Cass Circuit Court in an appeal filed in said cause. *Drinski* v. *Drinski* (1944), 309 Mich. 479, 15 N. W. 2d 714. Said paragraph further alleged that by reason of the litigation in the State of Michigan, and the findings and judg-

ment therein, that the controversy in the present cause was fully tried and determined in favor of appellee, Joan Drinski Putek, and against cross-complainant and appellant, Marjorie Drinski, and that the same is now res judicata between the parties.

The appellant filed a demurrer to said third paragraph of answer on the ground that such paragraph of answer did not state facts sufficient to constitute a defense which demurrer was overruled by the court.

Thereafter, the cause was submitted and a judgment entered by the court as follows:

"Come now the parties and this cause is now submitted to the court for trial, and evidence is heard. The court having considered the evidence and being duly advised, now finds against the cross-complainant, Marjorie Drinski, upon her cross-complaint, that said Marjorie Drinski take nothing by her cross complaint, and that the cross-defendant Joan Drinski Putek should recover her costs.

". . .

"It is therefore ordered, adjudged and decreed by the court that the cross-complainant Marjorie Drinski, take nothing by her cross-complaint and that the cross-defendant, Joan Drinski Putek recover her costs.

"It is further ordered, adjudged and decreed by the court that the cross-complainant, Ulick Drinski, take nothing by his cross-complaint, and that the cross-defendant, Joan Drinski Putek, recover her costs."

The appellant presents her appeal, and assigns as the sole error for reversal that the court erred in overruling her demurrer filed to the third paragraph of answer of Joan Drinski Putek to her cross-complaint.

The appellee contends that the ruling of the trial court upon appellant's demurrer to the third paragraph of appellee's answer to appellant's cross-complaint be-

comes wholly immaterial because the case was submitted, tried, and determined on its merits and judgment rendered against appellant on her cross-complaint, which judgment is not challenged in this appeal.

Before passing upon the sufficiency of such answer to withstand the demurrer we shall proceed to consider the issue presented by the foregoing proposition asserted by appellee.

The action of a trial court in erroneously overruling a demurrer to a bad paragraph of answer is not necessarily reversible error. I *Gavit's Indiana Pleading and Practice,* p. 665; Burns' 1946 Replacement, § 2-1013.

If the record affirmatively shows that a plaintiff has failed to produce evidence sufficient to prove his alleged cause of action, he is not harmed by the overruling of a demurrer to an insufficient answer. *Bruce* v. *Osgood* (1900), 154 Ind. 375, 56 N. E. 25; *Continental Nat. Bank* v. *Discount, etc., State Bank* (1927), 199 Ind. 290, 157 N. E. 433.

The instant case is not one which arises by reason of a judgment on the pleadings, but the record affirmatively shows that there was a submission of the cause, that evidence was heard, and that a judgment was rendered on the merits. This judgment was against appellant on her cross-complaint. The appellant asserts, in substance, that since the evidence has not been presented to us in this appeal, and the finding and judgment was general, we must assume that the court considered evidence under the allegations of the allegedly bad paragraph of answer in making said finding and judgment. We must take the record as it is presented to us, which affirmatively shows that appellant failed on her cross-complaint. The appellant has not seen fit to have the evidence

incorporated in the transcript. In the absence of any showing that the judgment was based upon anything other than the failure of the cross-complainant to establish her cross-complaint, which the record does affirmatively show, we must hold that she was not harmed by the action of the trial court overruling her demurrer to appellee, Joan Drinski Putek's, third paragraph of answer, and that such action is not reversible error.

Judgment is affirmed.

Draper, J., not participating.

NOTE.—Reported in 83 N. E. 2d 435.