HANCOCK *v.* YORK ET AL.

[No. 20,510. Filed June 13, 1967. No Petition for Rehearing filed.]

*Don Willsey* and *William Winingham,* both of Indianapolis, for appellant.

*James A. O'Neill, Ralph H. Cohen* and *Ice Miller Donadio & Ryan,* all of Indianapolis, for appellees.

COOK, J.—This action was commenced on October 27, 1960, by appellant-plaintiff, Rosemary Hancock, against appellees Marvin York and The Kroger Co., to recover damages for personal injuries and punitive damages alleged to have been sustained as the result of having been slandered and falsely imprisoned by appellees.

The issues were first closed on December 7, 1961, by appellees' answer in four paragraphs, admitting or denying allegations of appellant's four paragraphs of second amended complaint.

On December 11, 1961, appellant requested, in writing, a trial by jury. Finally, on May 27, 1965, the trial court set this case for trial by jury on September 7, 1965.

On September 1, 1965, appellees petitioned the court for leave to amend their answer to appellant's second amended complaint. The parties appeared by counsel on September 2, 1965, and the court granted appellees leave to file amended answer, which was thereupon filed, containing affirmative allegations negating malice as to alleged slanderous words spoken by appellees and asserting probable cause and reasonableness in respect of appellant's alleged detention. The same day the court entered its order requiring appellant to reply to the amended paragraphs of answer "by the time of trial, which is set for next Tuesday, September 7, 1965, at 9:00 A.M. before a jury already ordered." The court permitted appellant to amend her second amended complaint by interlineation increasing the ad damnum.

On September 3, 1965, appellant filed a verified motion for a continuance of the trial date, asserting insufficient time to prepare for and meet the affirmative matters alleged in appellees' amended answer, and the same day the court overruled appellant's request for a continuance. On September 7, 1965, the cause was submitted for trial and a jury was duly empaneled and the trial of the cause was thus commenced. Before the introduction of evidence the following transpired:

Appellant filed a consolidated motion to strike alleged conclusions in defendants' amended answer or require defendants to plead facts to sustain the alleged conclusions. The court sustained the motion to strike in part and overruled the remaining specifications. Appellant filed a demurrer to each paragraph of defendants' answer, which the court overruled. Appellant then filed a reply to appellees' four paragraphs of amended answer. The court then, on its own motion, rescinded its order permitting appellant to increase the ad damnum of her complaint.

The jury was recalled and the trial proceeded to a verdict for appellees and against appellant on her complaint. The jury, by special verdict, returned interrogatories and answer thereto as follows:

## "INTERROGATORY NO. 1

Did plaintiff unlawfully take property belonging to The Kroger Co., at the time and place specified in her complaint, without payment therefor and without permission to take such property?

ANSWER    Yes

## INTERROGATORY NO. 2

If you find that Marvin York detained the plaintiff at the time and place alleged in her complaint, did he, at that time, have such grounds to believe that plaintiff was unlawfully taking property belonging to The Kroger Co. as would lead a reasonable, prudent man to so believe?

ANSWER    Yes

## INTERROGATORY NO. 3

If you find that Marvin York detained the plaintiff at the time and place alleged in her complaint, then, considering all of the circumstances which you may find to have existed at the time, was any such detention by him reasonable as to its duration and its manner?

ANSWER    Yes

## INTERROGATORY NO. 4

Did Marvin York at the time and place alleged in plaintiff's complaint say, "We want what you took out of our store that you did not pay for?"

ANSWER    No

## INTERROGATORY NO. 5

If the answer to interrogatory number 4 is yes, state who, other than Marvin York, Jackie Brown and plaintiff heard said statement or was present at the time it was spoken.

ANSWER

## INTERROGATORY NO. 6

If you find that Marvin York detained the plaintiff at the time and place alleged in plaintiff's complaint, did he do so

maliciously, or wantonly in an oppressive manner, or with a reckless disregard for plaintiff's rights?

ANSWER No"

Judgment was entered for the defendants-appellees on the general verdict. Thereafter appellant filed a timely motion for a new trial, which was overruled. From this ruling, this appeal was taken. The sole error assigned in the assignment of errors is that the trial court erred in overruling appellant's motion for a new trial. The essential specifications in appellant's motion for a new trial are as follows: 1. The trial court erred in overruling plaintiff's motion for continuance after the court had allowed defendants to amend their answer over plaintiff's objection, said amended answer injecting affirmative defenses for the first time four (4) days before trial and put in final form the morning of trial, not allowing plaintiff to prepare for the trial of the new defenses set out in the amended answer; 2. The court erred in giving certain of appellees' tendered instructions; 3. The trial court erred in refusing to give, at appellant's request, certain instructions; 4. The trial court erred in overruling plaintiff's demurrer to defendants' amended answer; 5. The trial court erred in refusing to grant appellant reasonable opportunity to examine appellees' tendered instructions and make specific objections to each before argument.

It appears from the evidence submitted in this cause that appellant, on October 28, 1958, went into one of appellee's stores in the city of Indianapolis to shop for groceries. One Jack D. Brown, a grocery clerk employed by appellee, Kroger, testified he saw appellant pick up a pair of boy's corduroy trousers and put them under her coat. Brown informed appellee Marvin York, the store manager, of appellant's actions and both Brown and York watched appellant "check out," at which time they determined that appellant did not pay for the trousers. Appellee York, and Brown, followed appellant to the parking lot where they stopped her. At this time, appellant

testified that York stated in a loud voice, in the presence of other unknown persons "We want what you took from the store and didn't pay for." Appellee York then asked appellant to open her coat and she complied. York did not find the trousers, although he did not search appellant's person. Appellant then returned to the store and demanded a refund for the groceries which she had purchased, which York gave to her. Appellant testified York then stated to her "Get out of the store, we don't want your kind of people here."

Appellant first asserts that the trial court erred in overruling her verified motion for a continuance. The motion, of necessity, was presented to the trial court pursuant to Burns' Indiana Statutes, §§ 2-1066 and 2-1067, which provide, in part, "no cause shall be delayed by reason of an amendment excepting only the time to make up issues, but upon good cause shown by affidavit . . . The affidavit shall show distinctly in what respect the party asking the delay has been prejudiced in his preparation for trial by the amendment."

Appellant's motion stated that only one and one-half days remained (excluding Saturday, Sunday and Labor Day) between the time the amended paragraphs of answer were filed and the trial day; that additional time was needed to reply or respond because the amended affirmative answers "introduced new issues," and appellant "would be required to prepare evidence on such issues." After a lapse of three years and nine months after the issues were first closed, professional courtesy might have induced appellees not to object to a continuance requested because of their amendment. Under the circumstances and as a matter of judicial indulgence, the trial court might have been warranted in continuing the case to a later trial date. However, we are not reviewing professional courtesies or judicial indulgence, as the motion for continuance was addressed to the sound discretion of the trial court.

We do not believe that appellant was prejudiced in her preparation for trial by the amendment of appellees' paragraphs

of answer. The burden of proof imposed upon appellant, after the amended answers were filed, remained unchanged. No new or additional proof was required. In the absence of clear and prejudicial abuse of the trial court's discretion in granting or refusing an amendment before or during trial, or granting or denying a motion for a continuance, we will not interfere.

Appellant next assigns error and presents for our consideration the trial court's action in submitting and reading to the jury appellees' instructions numbered 4, 5, 16 and 17, and the refusal of the court to submit and read to the jury appellant's instructions numbered 3, 6, 15, 16, 17 and 18.

Appellees' instructions numbered 4 and 5 informed the jury that "probable cause" constituted a complete defense to an action for false imprisonment, even though the jury were to find that appellant had not as a matter of fact wrongfully taken the merchandise in question. This is not a correct statement of the law. But the jury obviously was not misled, nor was the general verdict influenced by these instructions, because the jury found by special verdict that appellant did wrongfully take appellee's merchandise.

The general verdict for appellees obviates a discussion of appellees' instructions numbered 16 and 17, which negated "punitive damages."

We have considered appellant's instructions mentioned above, relating to "probable cause" and "punitive damages" which the court refused to give to the jury. It is apparent from the record that the verdict would not have been different if the instructions had been read to the jury.

The court gave eleven instructions submitted by appellant. These instructions fully apprised the jury of the theories of appellant's amended complaint and constituted a sufficient guide to the jury to return a verdict for appellant if she proved the material allegations of her amended complaint. The jury, by special verdict, found that appellant failed to

prove these allegations. There were no errors in the giving of appellees' instructions or the refusal to give appellant's instructions, when reviewed in the light of the jury's verdicts.

Appellant asks us to reverse the judgment because of the overruling of her demurrer to appellees' amended answers. If appellees' amended answers did not allege facts sufficient to constitute a defense to appellant's amended complaint the trial court's action was erroneous, unless, as here, it affirmatively appears that appellant failed to prove the material allegations of her amended complaint. *Drinski* v. *Putek* (1949), 119 Ind. App. 262, 83 N. E. 2d 435.

Appellant predicates error on the refusal of the trial court, "to grant plaintiff reasonable opportunity to examine defendants' tendered instructions and make specific objections to each before argument," as required by Supreme Court Rule 1-7.

The record before us discloses a dialogue, before argument, between the trial judge and counsel for the parties. Appellant's counsel orally objected to each of the appellees' instructions complained of which the trial judge indicated he would give to the jury, and such objections were set out as a part of a general bill of exceptions. The trial judge discouraged "specific objections" and allowed the parties one week within which to file written objections. Appellant's specific written objections are a part of the record on this appeal, and we have given full consideration to such objections.

We do not know the time allowed counsel to examine tendered instructions. Thus, we cannot conclude that the trial judge deprived counsel of a "reasonable opportunity to examine such instructions."

Supreme Court Rule 1-7 should be fairly construed and impartially enforced. This rule is designed to avoid error in the giving of jury instructions, and like all such rules, is binding alike on courts and litigants. If a trial judge refuses to entertain "specific objections" before argu-

ment, he denies himself the opportunity to withdraw or modify erroneous instructions.

Having determined that there were no reversible errors in the proceedings in the trial court and having held that the general verdict is compatible with the special verdict and the evidence most favorable to appellees, the judgment is affirmed.

Judgment affirmed.

Pfaff, C. J., Bierly and Smith, JJ., concur.

NOTE.—Reported in 227 N. E. 2d 187.