The Ohio and Mississippi Railway Company *v.* Buck.

Filed Feb. 4, 1892.

———————◆———————

## No. 15,011.

### THE OHIO AND MISSISSIPPI RAILWAY COMPANY *v.* BUCK.

EVIDENCE.— *Weight of Positive and Negative Testimony.— Instruction.*—It is not proper to instruct a jury they should give greater weight to a positive statement of a witness than to a negative statement of another witness.

INSTRUCTIONS.—*Refusal.—Record Must Show no Other Instruction Given on the Subject.*—In order to show error committed in refusing an instruction, the record must show that no other instruction was given on the subject of the one requested.

From the Knox Circuit Court.

*W. H. De Wolf, E. H. De Wolf, W. M. Ramsey, L. Maxwell* and *R. Ramsey,* for appellant.

*W. A. Cullop, C. B. Kessinger, W. F. Townsend* and *J. Wilhelm,* for appellee.

The Ohio and Mississippi Railway Company *v.* Buck.

OLDS, J.—This is an action for personal injuries sustained at a railway crossing in the city of Vincennes, in Knox county, Indiana. Issues were joined, and a trial had resulting in a verdict and judgment in favor of the appellee for $4,000. Appellant filed a motion for new trial, which was overruled and exceptions reserved.

Errors are assigned, first, that the court erred in overruling appellant's motion to strike out parts of appellee's complaint, and, second, that the court erred in overruling appellant's motion for new trial.

The question of appellant's negligence, and of the appellee's contributory negligence, is discussed in detail and at length.

We have read the evidence, and have no doubt of the fact that there was evidence to support a finding that the appellant was negligent, and that the appellee was free from contributory negligence. That there may have been a preponderance of the evidence to the contrary, or that the jury might, upon some basis of reasoning, reached a different conclusion, can make no difference, for if there is evidence fairly tending to support the verdict it must stand. There was evidence to show that at the point of the injury the railroad track of the appellant crossed a street in the city of Vincennes; that there was a side-track south of the main track, from which direction appellee approached the crossing. There were a number of freight or box cars standing on the switch south of the main track, some on either side of the street, and they obstructed the view of the appellee as he approached the crossing.

There was a city ordinance prohibiting the running of trains at a speed in excess of five miles an hour, and prohibiting the sounding of the whistle. There was evidence tending to prove that the train which ran against the appellee was at the time running in excess of five miles an hour,—the evidence of some tending to show that the train was running at the rate of ten miles an hour,—and that employees in

charge of it did not ring the bell or give any other signal. It is contended by counsel for appellant that this ordinance is invalid for certain reasons, but whether it is valid or not can make no difference, for, if not valid, the appellant was bound to give the statutory signals, and there was evidence from which the jury may have well found that such signals were not given. There was evidence fully justifying the jury in finding that appellant was guilty of negligence.

It is earnestly contended that the evidence fails to show that the appellee was not guilty of contributory negligence; that it appears that he did not use due caution in approaching the crossing and entering upon the track. The appellee testifies that he stopped his team and looked and listened for a train at a point which he fixes at sixty to eighty feet from the track. Other witnesses differ from him to some extent as to the distance from the railroad track when he stopped. He says he could not see or hear any train; that he immediately started on and continued to look to the right and to the left for a train, and to listen for one; that he did not see or hear an approaching train until his horses were going upon the main track and he passed the end of the freight car,— then he saw the train; that the quickest way off the track, and to avoid danger at that time, was to cross the track, which he attempted to do as quickly as possible, using the whip he held in his hand upon his horses; that when he first saw the train he thought it was thirty to sixty feet from him, and not near enough to strike him, but it did. He testifies that his hearing and eyesight are both good; he was driving in a two-horse wagon; that the freight cars standing upon the track obstructed his view, and prevented his seeing the approaching train.

Other witnesses testify that the cars standing on the track obstructed the view and prevented the seeing of an approaching train, and that no signals were given, and the train was running at more than five miles an hour.

There is some evidence contradicting some of the state-

ments of the appellee and of his witness, and tending to show that at the point where appellee stopped to look and to listen his view was obstructed by a building, and that he might have seen the approaching train if he had stopped at another point, and that he could have heard it if he had listened.

There is also a difference in the testimony of the witnesses as to the space between the cars standing on the side-track where they separated at the street, and it is contended by appellant that the space was so great that if appellee had looked as he was approaching he could have seen past the end of the car along the main track, and have seen the approaching trains in time to have avoided a collision; but these facts, being disputed, were for the jury to determine from all the evidence, and having arrived at a conclusion, and there being evidence to sustain it, we can not set their verdict aside.

It is urged that the verdict is excessive. We do not think so. The evidence shows the injuries to be of a very substantial character, from which the appellee has suffered a great deal, and from which he has not recovered, and probably never will permanently recover. The damages assessed are not excessive.

It is contended that the court erred in overruling a motion to strike out parts of the complaint, and in giving and refusing certain instructions, but most of these alleged errors, however, are waived on account of a failure to discuss them. We have examined the instructions, and do not deem it necessary to set any of them out in the opinion. It is contended that the court erred in giving the third instruction, for the reason that it improperly defined the relative rights of railroads and travellers at highway crossings. This is not such a discussion of the alleged error as entitles the question to any consideration by the court. We have examined the instruction and do not regard it erroneous.

It is said that the fifth instruction is erroneous, for the reason that it tells the jury that the appellant must exercise a

" high degree of care." And that the court erred elsewhere in that paragraph of instruction in defining the measure of care required of defendant.

The instruction does state that the appellant, under the circumstances, was required in the running of its train to exercise a " high degree of care and diligence in doing so," but in the same instruction, and as explanatory of these words, the court tells the jury what amount of diligence and caution the appellant was required to exercise, giving a proper explanation as to what were the duties of the appellant in that behalf, and the jury were not misled by the words " high degree of care," even if the use of such words was technically erroneous.

There was no error in overruling appellant's motion to strike out parts of the complaint. The ordinance pleaded differs from the criminal statute of the State, and was properly pleaded.

We have examined the instructions offered by the appellant and refused by the court. There was no error in the refusal by the court to give them. For aught that appears, there may have been other like instructions given (*Stewart* v. *State*, 111 Ind. 554); but the instructions are erroneous, and were not proper to have been given.

The tenth instruction is to the effect that the jury should give greater weight to a positive statement of a witness than to a negative statement of another witness, is erroneous and was not proper to have been given. It may be true, in fact, that, under some circumstances, greater weight should be given to the positive statement of one witness than to the negative statement of another, but it depends upon the circumstances, and is not true as an abstract proposition of law, and is not a proper matter upon which to instruct a jury.

There is no error in the record.

Judgment affirmed, with costs.

Filed Feb. 6, 1892.