## HILLYARD ET AL. *v*. ROBBINS.

[No. 7,901. Filed March 25, 1913.]

1. APPEAL.—*Review.—Evidence.—Judgment.*—A judgment will not be disturbed on the evidence if there is some evidence from which the trial court may have found facts sufficient to support the same. p. 110.

2. MECHANICS' LIENS.—*Foreclosure.—Complaint.—Amendment.*— Under §§400-403 Burns 1908, §§391-394 R. S. 1881, providing for the amendment of pleadings, the trial court has wide discretion in so doing, and since §8297 Burns 1908, Acts 1889 p. 257, relating to the filing of notice of an intention to hold a mechanic's lien, provides that the description of the lot or land in such notice shall be sufficient if from such description, or any reference therein, the lot or land can be identified, the action of the trial court, in an action to foreclose a mechanic's lien on land described in the notice as lot 31, in permitting the amendment of

the complaint to show lot 32 instead, was not erroneous, in the absence of a showing that defendants were thereby in any way surprised, prejudiced or deprived of any right. p. 110.

3. MECHANICS' LIENS.—*Notice.—Defective Description.—Amendment.*—A defective description in a notice of mechanics' lien may be so amended as to make it good if the notice contains any reference, which, aided by extrinsic evidence, may correct the description. p. 111.

4. PLEADING.—*Complaint.—Sufficiency.—Initial Attack on Appeal.* —A complaint, as against an attack made for the first time after judgment, is sufficient if it states facts sufficient to bar another suit for the same cause and does not wholly omit any essential averment. p. 111.

5. MECHANICS' LIENS.—*Foreclosure.—Parties.—Complaint.*—In an action to foreclose a mechanics' lien for labor in the erection of a dwelling house, one who had a contract with the owner for the purchase of the property, and under whose direction the house was built, was a proper party defendant, and a complaint which was sufficient to make him a party to answer to his interest will be held sufficient as against initial attack on appeal to sustain a decree of foreclosure against him. p. 111.

From Huntington Circuit Court; *Samuel E. Cook*, Judge.

Action by James L. Robbins against Frank Hillyard and another. From a judgment for plaintiff, the defendants appeal. *Affirmed.*

*Fred H. Bowers* and *Milo Feightner*, for appellants.
*C. W. Watkins* and *Charles A. Butler*, for appellee.

FELT, P. J.—This is a suit by appellee against appellants to foreclose a mechanic's lien. The complaint in substance charges: that appellant, McEnderfer, was and still is the owner in fee simple of certain lots in Cottage Grove Addition to the city of Huntington; that by mistake the lot on which the house was built for which the lien is asked was described as lots 30 and 31, but the house was actually built on lot 32; that appellants and appellee entered into a contract by which appellee agreed to furnish labor in the erection of a dwelling house on said real estate; that in compliance with such agreement, he furnished labor of the value of $39.25;

that notice of the lien was duly filed and recorded within the time prescribed by the law; that there is due appellee the sum of $39.25 and $15 attorney's fees, all of which is unpaid. Prayer for judgment against both appellants; that the description of the lot in the notice of the lien be reformed and corrected and for a foreclosure of said lien, and a sale of the property to pay the amount due appellee. A copy of the notice of the lien and a bill of particulars were filed as exhibits and made a part of the complaint.

Upon request the court made a special finding of facts and stated its conclusions of law thereon. The court found that appellee built a house upon the real estate of appellant, McEnderfer, and that appellant, Hillyard has a contract for a deed for such property when he pays for the house and lot; that the house was actually built upon lot 32 and that by oversight and inadvertence the lien therefor was filed on lots 30 and 31; that both appellants knew when the house was built, that it stood on lot 32 and that it was the only house constructed by appellee for appellants. The court also found that the original plan by which the house was to be erected was abandoned and that at the instance of appellants a house of different dimensions was erected by appellee and that extra material and labor furnished by appellee in so doing, was of the value of $39.25, and, that he was entitled to $15 attorney's fees. The court's conclusions of law were in favor of appellee and judgment was rendered accordingly for $54.25 and foreclosure of the lien.

Appellants have separately assigned error: (1) In overruling the motion for new trial; (2) in each conclusion of law; (3) that the court erred in permitting appellee to amend his complaint at the close of the evidence. Appellant, Hillyard, has also assigned as separate error, that the complaint does not state facts sufficient to constitute a cause of action against him. The only errors argued and relied on for reversal are: The overruling of the motion for a new

trial on the ground that there is no evidence to support the finding and judgment of the court; in permitting the amendment of the complaint, and the alleged insufficiency of the complaint. Appellee insists that appellants have not complied with the rules of this court in setting out the evidence, but supplies some omissions. Our examination of the

1. evidence so presented, convinces us that there is some evidence from which the court might find facts sufficient to support the judgment of foreclosure against both appellants, and under the well-recognized rule of this court, the judgment will not be reversed where this appears.

The question of error in permitting the amendment of the complaint by inserting lot 32, is urged by appellants. The notice filed, is directed to appellant, McEnderfer, and

2. all others concerned, and states an intention to hold a lien on lots 30 and 31 in Cottage Grove Addition to the city of Huntington, Indiana, and upon the dwelling house recently erected thereon by appellee, for the sum of $39.25, for labor done and material furnished in the erection of said house, within sixty days last past. The statute (Acts 1889 p. 257, §8297 Burns 1908), requires the person desiring to hold such lien to file a notice of his intention so to do "giving a substantial description of such lot or land on which the house, * * * may stand * * *. Any description of the lot or land in a notice of a lien will be sufficient if, from such description, or any reference therein, the lot or land can be identified." Our statute, §§400-403 Burns 1908, §§391-394 R. S. 1881, makes ample provision for amendment of pleadings and under the decisions, the trial court is given wide discretion in so doing, and unless it appears that the party complaining was prejudiced, misled, or deprived of some right or defense, the action of the trial court in permitting amendments, even after the evidence is in, will not be reviewed on appeal. *Raymond* v. *Wathen* (1895), 142 Ind. 367, 372, 41 N. E. 815; *Citizens St. R. Co.* v. *Heath*

(1902), 29 Ind. App. 395, 399, 62 N. E. 107. In the case at bar there is no showing that any of the parties were in any way surprised, prejudiced or deprived of any right by the amendment of the complaint. There are numerous 3. decisions to the effect that a defective description, may, under the present statute, be so amended as to make it good if the lien contains any reference, which, aided by extrinsic evidence may correct the descriptions. It has been expressly held that where the notice refers to a dwelling house, the identification of the building may be used as a means of correcting the description and of showing that no other property answers the description. This is especially applicable, where, as in this case, the court finds from the evidence, that the particular building in question was erected under the direction of both appellants who knew the particular lot upon which it stood, and further that the misdescription did not mislead either of appellants. *McNamee* v. *Rauch* (1891), 128 Ind. 59, 63, 64, 27 N. E. 423; *Smith* v. *Newbauer* (1896), 144 Ind. 95, 100, 42 N. E. 40, 42 N. E. 1094, 33 L. R. A. 685. Appellant, Hillyard, also complains of the insufficiency of the complaint which is attacked for the first time in this court. The rule is well settled that 4. where a complaint is first attacked after judgment, it is sufficient if it states facts sufficient to bar another suit for the same cause of action and does not wholly omit any essential averment. Appellant, Hillyard, 5. was a party defendant and the court found that he had a contract to purchase the property and that the house was built under his direction. It was proper to make him a party to the suit to answer to his interest, and the complaint was at least sufficient for that purpose. Being sufficient for such purpose, it may now be considered as aided by the finding of the court, and is sufficient to sustain the judgment rendered against appellant, Hillyard. *Oliver Typewriter Co.* v. *Vance* (1911), 48 Ind. App. 21, 95 N. E.

327; *Lavene* v. *Jarnecke* (1902), 28 Ind. App. 221, 227, 62 N. E. 510; *Consolidated Stone Co.* v. *Morgan* (1903), 160 Ind. 241, 245, 66 N. E. 696.

The record shows no available error.  Judgment affirmed.

NOTE.—Reported in 101 N. E. 341.  See, also, under (1) 3 Cyc. 360;  (2) 27 Cyc. 401;  (3) 27 Cyc. 206;  (4) 31 Cyc. 771;  (5) 27 Cyc. 349, 374.