## TAYLOR *v.* FITZPATRICK.

[No. 29,404.   Filed March 20, 1956.]

*Fenton, Steers, Beasley & Klee,* of Indianapolis, and *Otis E. Gulley,* of Danville, for appellant.

*Aribert L. Young, Erle A. Kightlinger,* both of Indianapolis, *J. Gordon Gibbs,* of Danville, and *Armstrong, Gause, Hudson & Kightlinger,* of Indianapolis (of counsel), for appellee.

BOBBITT, C. J.—This is an action for damages arising out of a collision between an automobile driven by appellant and two automobiles owned by appellee which were parked, unattended, at the curb in front of his home at 644 North Oakland Street, Indianapolis, Indiana.

Defendant's-appellant's motion for new trial contains 26 specifications or grounds therefor. Specifications 1, 2, 3, 4, 5, 6, 7, 8, 24 and 25 pertain to the same question and present the same issue, viz: Was the evidence sufficient to sustain the verdict of the jury?

The amended complaint charges appellant with the following acts of negligence:

"(a) Defendant did carelessly and negligently drive said Chevrolet automobile at a dangerous and unlawful rate of speed, to-wit: 50-60 miles per hour.

"(b) Defendant did carelessly and negligently fail to have and keep said Chevrolet automobile under proper control so as to be able to bring it to a stop in order to avoid collision with others, including the plaintiff's automobiles.

"(c) Defendant did carelessly and negligently fail to apply to the brakes on said Chevrolet automobile in time to avoid striking plaintiff's automobiles.

---

See: *Taylor* v. *Fitzpatrick* (1955), 126 N. E. 2d 248, for Appellate Court opinion.

"(d) Defendant did carelessly and negligently fail to turn said Chevrolet automobile in order to avoid a collision with plaintiff's parked automobiles.

"(e) Defendant did carelessly and negligently fail to keep a proper lookout ahead for other vehicles on said street, particularly the automobiles of this plaintiff.

"(f) Defendant did carelessly and negligently fail to drive said automobile in the proper lane for south-ward moving traffic on said North Oakland Street."

An examination of the record to see if there is any evidence of probative value or any reasonable inference which might be drawn therefrom which, if believed by the jury, would sustain the verdict, discloses the following:

North Oakland Street is a public thoroughfare in the city of Indianapolis, Indiana, running north and south. Appellee's home at number 644 North Oakland Street, in front of which the accident in controversy occurred, is in a residential section of the city. Such street is 24 feet wide from curb to curb, and paved with the type of asphalt commonly known as "black-top." Parking of automobiles is permitted only on the west side of the street, thus leaving two lanes, each approximately 8 feet wide, for the use of traffic. On the day of the collision appellee owned two automobiles—a 1938 Nash and a 1951 Ford, which at the time of the collision were parked on the west side of the street facing south. The Ford automobile was parked about 7 feet to the rear of the Nash, and it weighed between 3000 and 3500 pounds and was, at the time of the collision, loaded with locksmith supplies weighing approximately 700 to 800 pounds. The Nash automobile weighed approximately 4000 pounds. The transmission of the Ford was locked in such a manner as to prevent the rear wheels from turning. The weather was clear, the pavement dry and visibility good at the time of the collision which oc-

curred about 8 o'clock on the morning of May 15, 1952. At that time people living in the neighboring houses heard a loud crash and upon proceeding to the street saw appellant's Chevrolet automobile jammed against the rear end of appellee's Ford, and the Ford pushed into the rear end of the Nash. The front bumper of appellant's car had passed over the rear bumper of the Ford and the headlights of the Chevrolet had made indentations in the trunk deck of the Ford about an inch in depth. Both rear fenders of the Ford were damaged, the front doors sprung open, the entire rear end damaged and the rear deck floor was driven "clear up under the rear seat", the front end of the Ford was also damaged and the merchandise with which the Ford was loaded was scattered over the pavement and sidewalk in the immediate vicinity. There were skid marks on the pavement from which the jury might have inferred that the Ford automobile was pushed from 6 to 7 feet forward by the impact of the collision. Shortly after the accident appellee accused the appellant of driving 75 to 80 miles per hour, "or you could not hit that car that hard", to which accusation the appellant remained silent. There was no evidence of any skid or tire marks made by appellant's automobile.

*First:* Appellant moved for a directed verdict at the close of appellee's evidence. The motion was overruled and appellant proceeded with the introduction of evidence on his own behalf, thereby waiving any right to have such motion considered. *Louisville & N. R. Co.* v. *Revlett* (1946), 224 Ind. 313, 65 N. E. 2d 731; *Drinkwatter* v. *Eikenberry* (1946), 224 Ind. 84, 64 N. E. 2d 399.

*Second:* Appellant asserts that the court erred in overruling his motion for a directed verdict at the close of all the evidence.

We have no quarrel with appellant's assertion that no presumption arises from the mere fact that a collision occurred. This is true except where the doctrine of

*res ipsa loquitur* applies. *Baltimore & Ohio R. Co.* v. *Reyher, Admx.* (1940), 216 Ind. 545, 24 N. E. 2d 284; *Indianapolis, etc., Traction Co.* v. *Roach* (1922), 192 Ind. 384, 135 N. E. 334.

Appellant contends that:

(1) There was no evidence that the defendant drove his automobile at between 50 and 60 miles per hour as charged in the amended complaint;

(2) There was no evidence that the defendant negligently failed to have his automobile under control so as to be able to bring it to a stop;

(3) There was no evidence that the defendant negligently failed to apply the brakes on his automobile;

(4) There was no evidence that the defendant negligently failed to turn his automobile in order to avoid a collision with the plaintiff's parked automobile;

(5) There was no evidence that the defendant negligently failed to keep a proper lookout ahead for other automobiles; and

(6) There was no evidence that the defendant negligently failed to drive his automobile in the proper lane for south-bound traffic on North Oakland Street, all as charged in the plaintiff's amended complaint.

Appellee was not limited to evidence of what appellant saw or heard at the time of the collision. *Hubble, Admr.* v. *Brown* (1949), 227 Ind. 202, 210, 84 N. E. 2d 891; *Metropolitan Life Ins. Co.* v. *Glassman* (1947), 224 Ind. 641, 645, 70 N. E. 2d 24.

Physical facts and circumstances are often more convincing than words. As stated by the Appellate Court in *Magazine* v. *Shull* (1845), 116 Ind. App. 79, at p. 85, 60 N. E. 2d 611:

"Evidence is that which tends to produce conviction in the mind as to the existence of a fact. *The Evansville, etc., Railroad Co.* v. *Cochran*

(1858), 10 Ind. 560, and the existence of any fact relative to the issue may be proved. *Newell* v. *Downs* (1847), 8 Blackf. 523. There are many classes or kinds of evidence among which is the permissible deduction the trier of the facts may reasonably draw from other established facts before the court, which deduction is usually characterized, in the law of evidence, as an inference."

If there is a rational connection between facts established by direct evidence and the ultimate fact inferred therefrom, such inference is not disqualified simply because it is disputed by the testimony of a witness.

In the case at bar, the evidence is replete with direct evidence concerning the result of the collision and its impact on the cars involved and, in our opinion, the jury might reasonably have inferred from such evidence that the speed of appellant's car at the time and place of the collision was greater than the exercise of ordinary care would permit under the circumstances. *H. E. McGonigal, Inc.* v. *Etherington* (1948), 118 Ind. App. 622, 79 N. E. 2d 777.

This was sufficient evidence to take the issue of negligent rate of speed to the jury, and the court did not err in overruling appellant's motion for a directed verdict.

"A peremptory instruction should be given only when the evidence is clearly insufficient to establish one or more of the facts essential to the plaintiff's right to a recovery." *Boston* v. *Chesapeake & O. Ry. Co.* (1945), 223 Ind. 425, 428, 61 N. E. 2d 326. See also: *Whitaker, Admr.* v. *Borntrager* (1954), 233 Ind. 678, 122 N. E. 2d 734; *Hubble* v. *Brown* (1949), *supra,* 227 Ind. 202, 84 N. E. 2d 891; *Slinkard* v. *Babb* (1954), 125 Ind. App. 76, 112 N. E. 2d 876.

*Third:* Appellant asserts that there was "an entire lack of evidence to support any of the allegations of negligence" and that the trial court should have sus-

tained his respective motions to withdraw the various charges of negligence from the jury.

In our opinion there was sufficient evidence from which the jury might reasonably have found that appellant negligently failed to have his automobile under control; that he failed to turn it to avoid a collision with appellee's parked automobiles; that he failed to keep a proper lookout ahead for another automobile; and that he failed to drive in the proper lane for south bound traffic at the place of the collision.

The evidence is undisputed that there were no tire or skid marks made by appellant's automobile. There was no eye witness to the collision except the defendant-appellant himself. He contends that the absence of skid marks by his automobile was wholly negative and of no probative value on the question as to whether or not appellant applied his brakes. With this statement we cannot agree. The weight of negative evidence, as well as positive evidence, must be submitted to the jury. The fact that there were no skid marks made by appellant's car, when considered with the undisputed testimony as to the condition of the parked cars after the collision, is a circumstance from which the jury might reasonably have inferred that appellant did not apply his brakes.

In *Board, etc.* v. *Garrigus* (1905), 164 Ind. 589, at p. 609, 73 N. E. 82, this court said:

"But the rule that positive testimony is of greater weight than negative can not be permitted to conflict with the general rule that the weight of negative as well as that of positive testimony must be submitted to the decision of the jury. 3 Jones, Evidence, §901; 1 Wharton, Evidence (3d ed.), §415; Starkie, Evidence (8th Am. ed.), §§762, 763." See also: *Grand Trunk, etc., R. Co.* v. *Reynolds* (1911), 175 Ind. 161, 92 N. E. 733; *The Ohio and*

*Mississippi Railway Company* v. *Buck* (1892), 130 Ind. 300, 30 N. E. 19.

These were questions to be decided by the jury and they were properly submitted for its consideration.

*Fourth:* Specification 23 of the motion for a new trial assigns as ground therefor the trial court's refusal to give appellant's tendered instructions numbered 1, 3, 5, 6, 7, 8, 9, 10, 11, 12 and 13. Any question as to numbers 1 and 5 are waived, and the remaining ones, except number 9, present the same issue, viz: (1) Was appellant, when he was allegedly confronted with a sudden emergency in the person of a small boy suddenly appearing in the path of his automobile, held to the same accuracy of judgment as would be required of him if he had had time for deliberation? (2) Is he liable if he had exercised such care as an ordinarily prudent person would have exercised when confronted with a like emergency? *Gamble* v. *Lewis* (1949), 227 Ind. 455, 464, 85 N. E. 2d 629; *Hedgecock* v. *Orlosky* (1942), 220 Ind. 390, 396, 44 N. E. 2d 93; *City of Michigan City* v. *Werner* (1917), 186 Ind. 149, 162, 114 N. E. 636.

The question arises here because of the unsupported testimony of appellant, that in order to avoid striking a small boy, whom he first observed "when about a car's length from me", he swerved his automobile and thereby collided with the parked cars of appellee.

Instructions numbered 3, 6, 7, 8, 10, 11 and 12 are mandatory in form, i.e., they direct the jury to return a verdict for the defendant if it finds from the evidence that certain facts exist.

". . . when a court, through an instruction, directs a verdict on condition that the jury finds from the evidence that certain facts exist, such instruction must recite all the facts and conditions essential to

such a verdict. If an essential fact is omitted the instruction is erroneous and the error is not cured by supplying the omission in another instruction." *Redd* v. *Indianapolis Railways* (1951), 121 Ind. App. 472, 475, 97 N. E. 2d 501. See also: *Slagell* v. *Lester* (1955), 125 Ind. App. 257, 123 N. E. 2d 923; *Edwards v. Uland* (1923), 193 Ind. 376, 140 N. E. 546; *Moorman Mfg. Co.* v. *Barker* (1942), 110 Ind. App. 648, 656, 40 N. E. 2d 348, 351.

From the record in this case it is essential that appellant, in order to invoke the doctrine of sudden peril, must show by the evidence the existence of the following facts:

(1) That the appearance of danger or peril was so imminent that he had no time for deliberation. *Hedgecock* v. *Orlosky* (1942), *supra*, 220 Ind. 390, 397, 44 N. E. 2d 93;

(2) That the situation relied upon to excuse any failure to exercise legal care was not created by his (appellant's) own negligence. *Dunbar* v. *Demaree* (1936), 102 Ind. App. 585, 601, 2 N. E. 2d 1003; *Redd* v. *Indianapolis Railways* (1951), *supra*, 121 Ind. App. 472, 97 N. E. 2d 501;

(3) That his conduct under the circumstances was such as the law requires of an ordinarily prudent man under like or similar circumstances. *Gamble* v. *Lewis* (1949), *supra*, 227 Ind. 455, 85 N. E. 2d 629; *Zoludow* v. *Keeshin Motor Express* (1941), 109 Ind. App. 575, 34 N. E. 2d 980.

One or more of the facts which must be present in order to apply the doctrine of sudden peril in this case are not recited in appellant's tendered instructions numbered 3, 6, 7, 8, 10, 11 and 12.

Since these tendered instructions are mandatory and none of them recite all of the facts and conditions essential to a verdict for the appellant, the trial court properly refused them.

*Sixth:* The substance of appellant's tendered instructions numbered 9 and 13 is fully covered by the court's instructions numbered 9 and 12. Hence, the court's refusal to give such tendered instructions was not reversible error. *Craig, Extx.* v. *Citizens Trust Company* (1940), 217 Ind. 434, 442, 26 N. E. 2d 1006; *Gamble* v. *Lewis* (1949), *supra*, 227 Ind. 455, 465, 85 N. E. 2d 629; *Hedrick* v. *State* (1951), 229 Ind. 381, 387, 98 N. E. 2d 906.

*Seventh:* Specifications 9 to 22, inclusive, of the motion for a new trial are not discussed in the argument section of appellant's brief as required by Rule 2-17 (e) and (f) of this Court, hence they are waived.

Appellant has failed to establish reversible error. The evidence was sufficient to sustain the verdict of the jury, and it was not contrary to law, and the judgment of the trial court should be affirmed.

Judgment affirmed.

Landis, Arterburn, Achor and Emmert, JJ., concur.

NOTE.—Reported in 132 N. E. 2d 919.

