PAXTON, ADMRX. *v.* FERRELL ET. AL.

[No. 20, 762. Filed February 18, 1969. No petition for rehearing filed.]

*Charles R. Vaughan, Vaughan & Vaughan,* Lafayette, *Arch N. Bobbitt, Ruckelshaus, Bobbitt & O'Conner,* Indianapolis, for appellant.

*Howard J. DeTrude, Jr., Harry A. Wilson, Jr., Kightlinger Young Gray & Hudson,* Indianapolis, for appellees.

SHARP, J.—This is an action by the Appellant-Plaintiff, Dorothy Paxton as Administratrix of the estate of her deceased husband who was killed in an airplane crash on April 28, 1963. The Amended Complaint is in two legal paragraphs, one based on negligence alleging that the Plaintiff's decedent was a passenger for hire, and the second paragraph brought under Section 14-924, Burns' Indiana Statutes Annotated (1964 Replacement) alleging that the Plaintiff's decedent was a guest and charging the Defendants with wilful and wanton misconduct. It was alleged that the Appellees-Defendants were the owners of the airplane in question and that the Appellee-Defendant Ferrell was the pilot at the time of the crash. Defendants filed an answer in denial under Supreme Court Rule 1-3.

Trial was had by jury which returned a verdict in favor of the Appellees on both paragraphs. Motion for New Trial was overruled which is the sole assignment of error here.

Two of the specifications of error involve instructions given by the trial court. The court gave the following instruction:

Appellant made the following objection to Instruction Number 12:

"Instruction No. 12.

You are instructed that when one is confronted with a sudden emergency, not of his own making and does not have sufficient time to determine, with certainty, the best course to pursue, that under such circumstances he is not held to the same accuracy of judgment that would be required of him if he had time for deliberation.

Accordingly, if you find from a fair preponderance of the evidence that Charles A. Ferrell was confronted with a sudden emergency, not of his own making, and if you further find from the evidence that said defendant, Charles A. Ferrell, then and there exercised such care as an ordinarily prudent man would have exercised when confronted by a similar emergency, that he would not be liable for any damages resulting from the consequences of such emergency even though he might have taken another course of conduct which might have been more judicious or safer or might have even avoided the accident, and under such circumstances your verdict should be for the defendant, Charles A. Ferrell."

Appellant made the following objections to Instruction Number 12:

"The plaintiff objects to the giving of defendants' instruction no. 12 for the reason that it is a mandatory instruction, which erroneously omits an essential element, to-wit: the element of time, in that it omits to state that the defendant, Charles A. Ferrell, did not have sufficient (time) to determine the best course; and for the further reason that the doctrine of sudden emergency is beyond the issues of his case. That's it."

The Appellant's contention "that the doctrine of sudden emergency is beyond the issues of this case" has not been argued in the Appellant's brief and is, therefore, waived on this appeal. *Taylor v. Fitzpatrick*, 235 Ind. 238, 132 N. E. 2d 919 (1956).

Thus, we are left to consider whether instruction number 12 includes the element of time as a sudden emergency or

sudden peril instruction. While instruction 12 may
not be a model instruction, we believe that the time
element is sufficiently included. It is obvious the first
paragraph of the instruction covers the time element but
the Appellant complains that the second paragraph of the
instruction omits the time element. While this is a mandatory
instruction and must include all of the elements necessary
to a final conclusion, it is unnecessary that all of these elements
must be in one paragraph of an instruction. Under
Indiana practice instructions are read to the jury. The necessary
elements of an instruction, including a mandatory one,
may be set forth in more than one paragraph. The Appellant
would have us dissect this instruction by paragraphs. This
we are not required to do. In substance, instruction number
12 sets forth the essential elements of sudden peril or emergency
which are set forth in *Taylor v. Fitzpatrick, supra,*
which are listed by our Supreme Court in 235 Ind. at page
247 as follows:

(a) That the appearance of danger or peril was so eminent
that he had no time for deliberation.

(b) That the situation relied upon to excuse any failure
to exercise legal care was not created by his own negligence.

(c) That his conduct under the circumstances was such
as the law requires of an ordinary prudent man under like
or similar circumstances.

See also *Gamble v. Lewis,* 227 Ind. 455, 85 N. E. 2d 629
(1949).

The Appellant relies on *Huey v. Milligan,* 242 Ind. 93, 175
N. E. 2d 698 (1961); *Ryan v. Leach,* 139 Ind. App. 14, 215
N. E. 2d 877, 8 Ind. Dec. 280 (1966); and *Davison v.
Williams,* 251 Ind. 448, 242 N. E. 2d 101, 16 Ind. Dec. 136
(1968). These cases are not in point. In *Huey, supra,* our
Supreme Court held that an instruction which ordered the

jury to return a verdict for the defendant if the plaintiff was guilty of any contributory negligence which proximately contributed "in the slightest degree" was error because the quoted words misstated the rule of proximate cause in a mandatory instruction. *Ryan, supra,* involves a mandatory instruction which failed to state that a mechanical brake failure must be the sole proximate cause of the accident. *Davison, supra,* held that it was error to give a mandatory instruction to the effect that violation of a safety regulation constituted negligence as a matter of law without also instructing the jury regarding possible excuse or justification. Since we have held here that all of the elements of sudden emergency or sudden peril are included in instruction number 12, the *Huey-Ryan-Davison* line of cases are not in point.

The Appellant next objects to the giving of instruction number 8 which stated:

> "The question of contributory negligence on the part of the plaintiff's decedent was guilty of negligence that proximately contributed to his injury, then the plaintiff cannot recover even though the defendants may have been negligent. The defendants have the burden of proving by a preponderance of the evidence that plaintiff's decedent was guilty of such negligence."

As shown in the Appellant's brief the following objection was made to the giving of this instruction:

> "The plaintiff objects to the giving of Court's Final Instruction 8 (7.05) for the reason that it includes an erroneous judicial determination; that the question of contributory negligence is [not?] an issue in this case, and further, for the reason that it gives undue emphasis to one phase of this case."

The Appellant contends there is no evidence of contributory negligence and therefore it is an issue in this case. The rules applicable here are well-defined:

> "[W]hile it is error to give instructions on an issue not supported by evidence, the giving of such instruction

does not require a reversal where no prejudice resulted to the Appellant." *Peckham v. Smith,* 130 Ind. App. 452, 461, 165 N.E. 2d 609, 614 (1960).

This court has stated further that "the initial point of inquiry in determining whether erroneous instructions are prejudicial is whether the jury was misled." *Evansville City Coach Lines, Inc. v. Atherton,* 133 Ind. App. 304, 310; 179 N. E. 2d 293, 296 (1961). See also *Hancock v. York,* 141 Ind. App. 212, 227 N. E. 2d 187 (1967), at page 190 of 227 N. E. 2d where Judge Cook stated:

"Appellees' instructions numbered 4 and 5 informed the jury that 'probable cause' contributed a complete defense to an action for false imprisonment, even though the jury were to find that Appellant had not as a matter of fact wrongfully taken the merchandise in question. This was not a correct statement of the law. *But the jury obviously was not misled, nor was the general verdict influenced by these instructions because the jury found by special verdict that appellant did wrongfully take appellees' merchandise".* (Emphasis added)

This principal is codified in Burns' Indiana Statutes Annotated, Section 2-3231, which states in part:

"Nor shall any judgment be stayed or reversed, in whole or in part, where it shall appear to the court that the merits of the cause have been fairly tried and determined in the court below."

The record here is clear. The jury answered thirty interrogatories and specifically found that the Appellant was not a paying passenger at the time of the airplane crash in question. Therefore, the question of contributory negligence was rendered irrelevant and certainly an instruction on the same could not have misled the jury. It is further to be noted that the trial court gave five other instructions covering the subject of contributory negligence to which the Appellant made no objection.

Next, the Appellant attempted to introduce evidence regarding the existence of Federal Airway through an expert witness, Mr. Saye, as follows:

"Mr. Vaughn: Mr. Saye, was the same airway in effect in April 28, 1963, with regard to Victor 51, going in a southeasterly direction out of Lafayette, Indiana?

Mr. Wilson: To which we will object, your honor. And I'd like to present argument on this objection, if I might do so, out of the presence of the jury.

The Court: Objection is noted and counsel will refrain from making remarks in the presence of the jury.

Mr. Wilson: Did I say something wrong, sir?

The Court: Ladies and gentlemen we will now recess for a short period of time. I advise you not to discuss this case amongst yourselves or with any other person until we have heard all of evidence, the argument of counsel, if there be any argument, and you have retired to the jury room to deliberate upon your verdict. You may stand and file out.

(Recess)

(Out of hearing of jury:)

The Court: The court having heard argument upon the objection has indicated that it will sustain the objections of defendant to the introduction of evidence upon airways and regulations, federal regulations, and it is upon the theory as the same not being properly pleaded. Pleading being as to common law negligence. The jury will be instructed to return at 1:30 p.m. to remain together in the control of the bailiff during noon recess at the time of ten minutes of twelve noon (Argument between counsel to court) (Out of presence of jury).

The Court: The court would note the additional argument has been presented upon objections stated by counsel for the defendant to the

question: Mr. Saye, was the airway in effect in April 28, 1966, with regard to Victor 51 going in a southeasterly direction out of Lafayette, Indiana? The Court is going to sustain the objection. You may call the jury.

Mr. Vaughn: The plaintiff offers to prove that if the witness were permitted to answer the question as to whether a federal airway were established running in a southeasterly direction from Lafayette that the answer would be yes, and further the answer would be airway runs in a direct line from Lafayette, Indiana, to Shelbyville, Indiana, and it is named Victor 51 (Jury now present).

The Court: Ladies and gentlemen of the jury, did you have a good lunch? (Pause) All right, fine, the objection, pending before the court has been sustained, (to Mr. Vaughn) : You may question."

The Appellant has argued that this proof was offered to form the basis to show violation by the defendants of certain regulations of the Federal Aviation Agency. The Appellant contends that it was error for the trial court to refuse to allow the expert witness to testify as to the existence of a federal airway over the area in which the crash occurred for the reason that all rules and regulations pertaining to the operation of an aircraft within a federal airway would then become applicable and properly before the jury. The Appellant further contends in this regard that the jury was precluded from considering the possibility that the defendant violated these rules and regulations.

Prior to trial Appellant filed a notice of intention to require judicial notice of the regulations of the Civil Aeronautics Board and the Federal Aviation Agency applicable at the time of the incident referred to. Based upon this judicial knowledge the court gave instruction number 18 pertaining to C.A.B. regulations as follows:

"You are instructed that there was in force a regulation of the Civil Aeronautics Board which provided in part:

1) No person may operate an aircraft in a careless or reckless manner so as to endanger the life or property of another.

2) Except when necessary for take-off or landing, no person may operate an aircraft below the altitudes: . . . Over other then congested areas. An altitude of 500 feet above the surface, except over open water or sparsely populated areas. In that case, the aircraft may not be operated closer than 500 feet to any person, vessel, vehicle or structure.

3) No person may operate an aircraft in acrobatic flight; below an altitude of 1500 feet above the surface. For the purpose of this paragraph acrobatic flight means an intentional maneuver involving an abrupt change in an aircraft's attitude, an abnormal attitude, or abnormal acceleration, not necessary for normal flight.

If you find from the preponderance of the evidence that the Defendant, Charles Ferrell, violated one or more of these regulations on the occasion in question and that the violation was without justification, such conduct would constitute negligence on the part of Charles Ferrell.

If you find from the preponderance of the evidence that the Defendant, Charles Ferrell, with an utter indifference or conscious disregard for the safety of Eugene Paxton, violated one or more of these regulations on the occasion in question and that the violation was without justification, such conduct would constitute willful and wanton misconduct on the part of Charles Ferrell."

From an examination of the briefs it appears that the regulations referred to in instruction number 18 are substantially the same ones which the Appellant sought to prove violation of by the Appellees. Thus, the jury was instructed upon the Appellant's theory regarding the violation of these regulations. The Appellant tendered no other instruction pertaining to the violation of these regulations and instruction number 18 was given without objection. We find no reversible error under this specification.

Finally, the Appellant contends error in prohibiting the amendment of the complaint to conform to the evidence. Appellant attempted to amend her complaint to allege violations of certain C.A.B. and F.A.A. regulations. It appears that these are the same regulations in substance as those referred to in instruction 18, *supra*. The Appellant claims that the refusal of the trial court to permit the amendment of the complaint constitutes an abuse of discretion under Burns' Indiana Statutes Annotated, Section 2-1068. The only case cited by either side on this point is *Hillyard v. Robbins*, 53 Ind. App. 107, 101 N. E. 341 (1913), cited by the Appellant. *Hillyard* simply states the rule found in many cases that the trial court has wide discretion in these matters which will be reversed only on a showing of abuse.

The applicable standard has been stated by this court:

"It is a well established rule that the trial court may use its discretion in amending or in *refusing permission to amend* pleadings after trial and before final judgment. Unless there is a clear abuse of this discretion and the complaining party has been harmed and his substantial rights taken from him, the trial court's action will not be disturbed." (Our emphasis.) *Oppenheimer et al. v. Craft*, 132 Ind. App. 452, 459, 175 N.E. 2d 715, 719 (1961).

Particularly, in view of instruction number 18, *supra*, there was no harm or prejudice to the Appellant resulting from the trial court's refusal to permit the amendment of the plaintiff's complaint after trial.

Having determined that there were no reversible errors in the proceedings in the trial court, the judgment is affirmed. Costs taxed against Appellant.

Judgment affirmed.

Pfaff, C. J., Hoffman and White, J.J., concur.

NOTE.—Reported in 244 N. E. 2d 439.