DOI AND PIERONI *v.* HUBER, ADMX. ESTATE OF HUBER.

[No. 468A70. Filed May 1, 1969. Rehearing denied June 6, 1969. Transfer denied August 20, 1969.]

*Arthur A. May, Crumpacker, May, Levy & Searer,* of South Bend, and *Floyd W. Burns, Cadick, Burns, Duck & Neighbours,* of Indianapolis, for appellants.

*Richard D. Bonewitz, Hammerschmidt, Bonewitz, Rowe & Roberts,* of South Bend, for appellee.

SHARP, J.—This is an action for wrongful death brought by the Appellee-Plaintiff, Erdene A. Huber as Administratrix of the Estate of her deceased husband who was killed on the 9th day of June, 1965, near the intersection of U.S. Highway 20 or McKinley Highway east of the city of Mishawaka, Indiana. The essential allegations of Appellee's amended complaint are:

"3. That on the 9th day of June, 1965 the plaintiff's decedent was driving a motor vehicle in a Westerly direction on said U.S. Highway #20 when it was involved in a collision approximately fifty (50) feet West of the intersection of Miller Road and U.S. Highway #20.

"4. That at said time and place the defendant, Steve Pieroni, was driving a truck owned by the defendant, Sam Doi, as an employee of the defendant, Sam Doi.

"5. That at said time and place the truck driven by the defendant, Steve Pieroni, was carrying a load of lumber which protruded from the rear of the truck.

"6. That at said time and place the truck driven by the defendant, Steve Pieroni, was along the North side of U.S. Highway #20 and approximately perpendicular thereto.

"7. That at said time and place the truck driven by the defendant, Steve Pieroni, was backed onto U.S. Highway #20 so that the rear of the truck and the lumber protruding therefrom protruded onto U.S. Highway #20 and into the Westbound lane of traffic and in front of the motor vehicle driven by plaintiff's decedent.

"8. That at said time and place the motor vehicle driven by plaintiff's decedent was forced to swerve South into the Eastbound lane of traffic and the right side of the motor vehicle driven by plaintiff's decedent struck the lumber protruding from the rear of the truck driven by the defendant, Steve Pieroni.

"9. That at said time and place the motor vehicle driven by plaintiff's decedent collided with a vehicle driven by Russell Ruby, Jr.

"10. That the defendant, Steve Pieroni, was guilty of one or more of the following acts of negligence:

"(a) Failure to yield the right-of-way to a motor vehicle, to-wit: the motor vehicle operated by plaintiff's decedent, approaching on a preferential highway;

"(b) Failure to keep a proper lookout for other vehicles lawfully upon the highway, including the motor vehicle operated by plaintiff's decedent;

"(c) Backing a motor vehicle onto a public highway when such movement could not be made without creating a hazard for other vehicles lawfully using said highway, including the motor vehicle driven by plaintiff's decedent;

"(d) Backing a motor vehicle onto a public highway without ascertaining that such movement could be made with safety to other vehicles lawfully using said highway, including the motor vehicle driven by plaintiff's decedent.

"11. That the carelessness and negligence of the defendant, Steven Pieroni, caused the death of plaintiff's decedent.

"12. That plaintiff's decedent left surviving him the following dependents: Erdene A. Huber, his wife, and the following children: Gary Huber, age 19; Karen Huber, age 18; Elizabeth Huber, age 16; and Donn R. Huber, age 12."

The defendants filed answer in admission and denial under Supreme Court Rule 1-3.

Trial was had by jury which returned a verdict for the Appellee for $135,000.00.

The Motion for New Trial in substance contended:

1. That the verdict of the jury is not sustained by sufficient evidence.

2. That the verdict of the jury is contrary to law.

3. The damages assessed are excessive.

4. An error of law occurring at the trial as follows:

a. The Court erred in refusing to give to the jury at the request of the defendant each of the written instructions tendered and requested by the defendant numbered 1, 3 and 10.

b. That the Court erred in giving to the jury at the request of the plaintiff, plaintiff's tendered instruction number 4, to which said tendered instruction the defendant made objection, as set out in this opinion.

c. That the Court erred in giving to the Jury at the request of the plaintiff, plaintiff's requested Instruction Number 6 to which the defendant made objection, which instruction and objection are set out in this opinion.

d. That the Court erred in giving to the Jury at the request of the plaintiff, plaintiff's requested Instruction Number 9 to which the defendant made objection, which are set out in this opinion.

e. That the Court erred in overruling defendant's motion made at the close of the evidence to instruct the jury to return a verdict for the defendant and to give to the jury defendant's tendered Instruction Number A.

The Appellants have neither briefed nor argued certain specifications of their Motion for New Trial and therefore have waived the same. *Taylor v. Fitzpatrick*, 235 Ind. 238, 132 N. E. 2d 919 (1956).

We shall proceed to consider all of the specifications properly presented in the argument portion of Appellants' brief. The evidence considered in the light most favorable to Appellee discloses that Appellant Doi was a cement contractor and was traveling west on U.S. Highway 20. Appellant Pieroni, age 17, was Doi's employee and was driving Doi's pickup truck. There were other trucks and vehicles of Doi all traveling together. Doi, in the lead, pulled off the highway at Milt's Truck Stop and the other vehicles followed. The truck stop was on the north side of Highway 20 (an east-west highway). At that time there were two semi units parked side by side along and parallel to the north edge of Highway 20. The nearest semi was 5 or 6 feet from the highway. The pickup driven by Pieroni carried 2" x 4" pieces of lumber. The bed of the pickup was 8 feet long and the 2 x 4's were 15 to 20 feet long and extended from the rear of the pickup. Pieroni backed his vehicle southeasterly toward the highway. Pieroni could not see the traffic approaching on the highway from the west because the semis blocked his view. Another Doi employee, Kretchner, was standing in front of the pickup as it backed toward the highway. Pieroni was watching Kretchner. As he was backing, Pieroni heard a dull thud and he looked over his left shoulder toward the highway where he saw the Monarch Laundry Truck going across the highway in the other direction. The laundry truck, an Econo-Van, was driven by the decedent, Arthur Huber, and the vehicle with which it collided was driven by Russell Ruby, Jr. Huber was driving in a westerly direction and Ruby was traveling east in the south lane of traffic. Ruby saw a vehicle backing toward the highway to the west of the semis. As a result of the collision with the Ruby car, Arthur Huber was killed. After the collision Pieroni told Doi that he thought he (Pieroni) was involved and Pieroni also told the Deputy Sheriff his truck was involved. Pieroni gave the following written statement:

"I, Steve Pieroni, pulled into Milt's Truck Stop at approximately 12:45 on June 9. After I pulled in I was told to back up and turn in closer to the restaurant itself. As I was rolling back I heard a thud at the back of the truck. I look over my left shoulder and saw a Monarch laundry truck swerving into the other lane and hit an oncoming car. I did not see this truck (Monarch) coming because of two semis blocking the view of the road."

In a deposition Pieroni stated after he backed his truck toward the highway his tires were not more than 3 feet from the road. He later estimated that the rear of his truck was from 1 to 3 feet from the concrete portion of the highway. After the collision Doi saw a piece of 2 x 4 along the highway located about 20 feet off the north berm of the highway and 80 feet from where the vehicles collided. The 2 x 4 was matched to a piece of lumber on the pickup driven by Pieroni. There was also expert examination of this piece of 2 x 4. When matched, the total length of the 2 x 4 in question was 18 feet. This would place the end of the 2 x 4 at least 10 feet past the rear of the pickup truck. Expert testimony disclosed wood fibers embedded in a scratch on the right side of the laundry truck and the height of the scratch was such that it could have been done by the boards on the Doi truck. There were also glass particles embedded in the piece of 2 x 4 found on the highway. Pieroni estimates about 2 seconds lapsed between the thud he heard and impact between the Huber and Ruby vehicles.

The Appellants argue there is a complete lack of substantive evidence of probative value to show that any of the alleged acts of negligence was a proximate cause of decedent's crossing over the center line and colliding with the eastbound vehicle. This discussion covers 17 pages of their brief without the citation of a single authority. Under Rule 2-17 of the Rules of the Indiana Supreme Court, the contention of error must be supported by both reason and authority. If no authorities are cited in support of the contentions of error, the question is waived. See Wil-

trout, Indiana Practice, Section 2678, and the authorities cited therein.

The Appellants also claim error in overruling the Appellants' Motion for Directed Verdict at the close of all the evidence. There is substantive evidence of probative value to support the verdict. This court will not weigh the evidence and will take only the evidence and reasonable inferences which are most favorable to Appellee. *Beem v. Steel*, 140 Ind. App. 512, 224 N. E. 2d 61 (1967). In this case there was physical and circumstantial evidence which may be considered with the direct evidence. *Taylor v. Fitzpatrick, supra.* We find there was evidence in this case to support the finding of the jury that Pieroni backed the pickup truck with lumber protruding at least 10 feet across the westbound lane of the highway and this caused Huber to swerve into the eastbound lane where the collision occurred.

Three of the specifications of error involve instructions given by the trial court. The court gave the following instruction:

> "You are instructed that where a person is confronted with a sudden emergency not created by his own fault without sufficient time to determine with certainty the best course to pursue, he is not held to the same accuracy of judgment as would be required of him if he had had time for deliberation. Accordingly, if he exercises such care as an ordinary prudent person would exercise when confronted by a like emergency, he is not guilty of negligence, even though another course of conduct would have been more judicious or safer or might even have avoided the accident."

Appellants made the following objection to Instruction Number 4:

> "The defendants object to the giving of plaintiff's requested Instruction Number Four in the following words and figures, to-wit: In adopting said instruction it purports to instruct the Jury on the sudden emergency doctrine.

Said instruction is wholly immaterial to any of the issues created by the evidence or pleadings in this case. There is no evidence on which a Jury could reasonably infer that the Plaintiff was confronted with a sudden emergency. Such instruction will allow the Jury to indulge in speculation and conjecture. The giving of said instruction upon a matter wholly outside of the issues made by the pleadings and evidence is wholly improper and prejudicial to the Defendants herein.

"The Defendants further object to the giving of Plaintiff's requested Instruction Numbered Four on the grounds that said instruction erroneously misstates the law of the State of Indiana and the doctrine of sudden emergency in that the instruction states that if such person is confronted with a sudden emergency and if he exercises such care as an ordinary prudent person would exercise when confronted by a like emergency, he is not guilty of negligence, even though another course of conduct would have been more judicious or safer or might even have avoided the accident. This is not the doctrine of sudden emergency as existed in the State of Indiana which states that a person confronted with a sudden emergency not caused or created or contributed by his own negligence is only held to exercise that standard of care which a reasonable prudent person would exercise under the same and similar circumstances and that Plaintiff's Instruction Numbered Four is wholly erroneous and misstates the doctrine of sudden emergency.

This court has discussed the doctrine of sudden emergency in two recent cases. See *Paxton v. Ferrell*, 144 Ind. App. 124, 244 N. E. 2d 439 (1969) and *Kiger v. Arco Auto Carriers, Inc.* 144 Ind. App. 239, 245 N. E. 2d 677 (1969), and the authorities cited therein.

The essential elements of the doctrine of sudden peril are well stated in *Taylor v. Fitzpatrick, supra.*

Under the evidence it is fair to infer that Huber's view of the pickup with lumber protruding at least 10 feet from its rear was obstructed by the two semis. Then suddenly this pickup backing toward the highway appeared from behind the semis; the 2 x 4's across part of the lane of traffic being used by Huber. The decedent was

confronted with a sudden peril and reacted to avoid the peril. The peril was not of his own creation and he had insufficient time for deliberation. The jury could certainly have found from this evidence that a sudden peril was created.

Next, Appellants object to the court's giving of Instruction Number 9, which provided:

"The plaintiff has the burden of proving the following propositions:

"First: That the defendant, Steve Pieroni, was negligent in one or more of the following particulars:

"(a) Failure to yield the right-of-way to a motor vehicle, to-wit: the motor vehicle operated by plaintiff's decedent, approaching on a preferential highway;

"(b) Failure to keep a proper lookout for other vehicles lawfully upon the highway, including the motor vehicle operated by plaintiff's decedent;

"(c) Backing a motor vehicle so as to cause lumber loaded thereon to protrude onto a public highway when such movement could not be made without creating an immediate hazard for other vehicles lawfully using said highway, including the motor vehicle driven by plaintiff's decedent;

"(d) Backing a motor vehicle so as to cause lumber loaded thereon to protrude onto a public highway without ascertaining that such movement could be made with safety to other vehicles lawfully using said highway, including the motor vehicle driven by plaintiff's decedent.

"Second: That the negligent act or omission of the defendant, Steve Pieroni, was a proximate cause of plaintiff's decedent's death.

"If you find from a consideration of all the evidence that these propositions have been proved, then your verdict should be for the plaintiff. However, if you find from a consideration of all the evidence that any of these propositions has not been proved, or if you find that plaintiff's decedent was guilty of contributory negligence, your verdict should be for the defendants."

The Appellants objected as follows:

"The defendants object to the giving of Plaintiff's Instruction Numbered Nine which purports to instruct the Jury what they have to find in order for the Plaintiff to recover. Said instruction is a mandatory instruction in that it states that if the Jury finds the elements specified in the first two paragraphs then the verdict would be for the Plaintiff. The said instruction wholly omits the requirement of burden of proof. It is a rule in the State of Indiana that any mandatory instruction such as this one must contain all of the elements necessary to recover, that the mandatory instruction states that if you find from a consideration of all the evidence that these propositions have been proved, then your verdict should be for the Plaintiff. There is nothing in said instruction which requires the Plaintiff to prove said elements set forth in said instruction by a fair preponderance of all of the evidence."

The sole contention argued by the Appellants is that Instruction Number Nine is mandatory and omits the requirement that the material allegations must be proved by a preponderance of the evidence. Instruction Number Nine is very similar to Indiana Pattern Jury Instruction Number 7.03. The court also gave Instruction Number Three, which stated, in part:

"When I say that a party has the burden of proof on any issue or use the expression, if you find from a preponderance of the evidence, I mean that you must be convinced from a consideration of all of the evidence in the case that issue which a party had the burden of proving is probably more true than not true."

From a mere reading of Instruction Number Nine it is clear the jury was instructed that the plaintiff had the burden of proving the propositions set forth in the instruction. In Instruction Number Three, set forth above, burden of proof was properly defined. We agree that a mandatory instruction must contain all the necessary elements to entitle a party to prevail. Instruction Number Nine does contain all such necessary elements.

The Appellants contend the trial court erred in refusing to give Appellants' tendered Instruction Number One, which stated:

"If you are unable to determine by a fair preponderance of all of the evidence in this case, just what the proximate or real cause of the accident complained of by the plaintiff was, then your verdict should be for the defendant and against the plaintiff, because in this case the plaintiff has the burden of proving that the negligence of the defendants or either of them was the cause of the accident and the injuries complained of by the plaintiff in his complaint."

The court gave the following instructions dealing with this subject matter:

"That the plaintiff claims that Arthur Huber died as a result of the collision, leaving his wife, Erdene A. Huber, and the following children, Gary aged 19; Karen aged 18; Elizabeth aged 16; and Donn R. aged 12. The plaintiff further claims that the acts of the defendants were the proximate cause of the death of Arthur Huber.

"The plaintiff has the burden of proving by a preponderance of evidence, the material allegation of her complaint.

"Proximate cause is that act or omission which, in natural and continuous sequence, unbroken by any efficient intervening cause, produces the injury complained of and without which the result would not have occurred.

"The plaintiff has the burden of proving the following propositions:

First: Not Applicable.

Second: That the negligent act or omission of the defendant, Steve Pieroni, was a proximate cause of Plaintiff's Decedent's death.

"If you find from a consideration of all of the evidence that these propositions have been proved, then your verdict should be for the plaintiff. However, if you find from a consideration of all the evidence that any of these propositions had not been proved, . . . your verdict should be for the defendants."

There is no error in refusal to give an instruction when the same subject matter is covered by other instructions. *Tuttle v. Reid*, 247 Ind. 375, 216 N. E. 2d 34 (1966), and *Taylor v. Fitzpatrick, supra.*

The Appellants are correct in their contention that they are entitled to have the jury instructed on their theory of the case. From an examination of all the instructions it appears the trial court did, in fact, instruct on the Appellants' theory of the case. However, the Appellants are not entitled to instructions which confuse or misstate the law. By including in tendered instruction Number One, the language "or real cause", they were confusing the law of proximate cause. The language "real cause" was confusing and erroneous. The care with which a trial court should instruct is well illustrated in *Huey v. Milligan*, 242 Ind. 93, 175 N. E. 2d 698 (1961).

The Appellants further contend the court should have given Appellants' tendered Instruction Number 10, which reads:

"Ladies and Gentlemen of the Jury: I instruct you that contributory negligence as I have defined it is an element of defense in this case. So in this case should you find by a fair preponderance of all of the evidence that Arthur Huber was negligent in any manner, however slight, which proximately caused, partly caused or contributed to his death, then the plaintiff cannot recover in this case even though you may find that the defendants were also guilty of negligence which proximately caused, partly caused or contributed to the plaintiff's death.

On this subject the court gave the following instruction:

"Contributory negligence is the failure of the plaintiff's decedent to use reasonable care to avoid injury to himself, which failure is a proximate cause of the injuries for which recovery is sought.

"The question of contributory negligence on the part of the plaintiff's decedent is an issue in this case. If the decedent was guilty of negligence that proximately contributed to his death, then plaintiff cannot recover even though the defendants may have been negligent.

"The defendants have the burden of proving by a preponderance of the evidence that the decedent was guilty of such negligence.

"If you find that Plaintiff's decedent was guilty of contributory negligence, your verdict should be for the defendants."

The cases of *Keck v. Pozorski*, 135 Ind. App. 192, 191 N. E. 2d 325 (1963), and *Bain v. Mattmiller*, 213 Ind. 549, 13 N. E. 2d 712 (1938), both hold that the inclusion of the language "however slight" on a contributory negligence instruction is not erroneous. Neither is it error to omit such language. The other subject matter in Appellants' tendered instruction Number 10 is covered by other instructions.

The Appellee has filed an appeal on cross errors in which she questions whether the trial judge acted properly in correcting the Bill of Exceptions by nunc pro tunc entry by including in Appellants' Bill of Exceptions oral objections to instructions which were not included in the Bill of Exceptions originally filed. In view of our consideration of this case on the merits it is not necessary for us to consider the Appellee's contentions in this regard.

We find no reversible error in the record of this case. Therefore the judgment is affirmed. Costs v. Appellants.

Pfaff, C.J., Hoffman and White, J.J., concur.

NOTE.—Reported in 247 N. E. 2d 103.